## Commonwealth to use, Appellant, *v.* Price.

*Appeals—Summary conviction—Certiorari—Act of April 14, 1905, P. L. 169—Posting land.*

1. An appeal from the quarter sessions setting aside a summary conviction in a proceeding under the Act of April 14, 1905, P. L. 169, relating to the posting of lands is in effect but a certiorari, and brings up nothing but what appears on the record proper.

2. On an appeal from a summary conviction in such a proceeding, the burden of proof is on the complainant, and if, upon full consideration of the evidence, the court below has a reasonable doubt as to any essential to a conviction, it is not error to discharge the defendant, and thus remit the complainant to the ordinary civil remedies.

Argued Dec. 8, 1910. Appeal, No. 186, Oct. T., 1910, by plaintiff, from order of Q. S. Monroe Co., setting aside judgment of justice of the peace in case of Commonwealth to use of the School District of Barrett Township v. Clarence T. Price. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from summary conviction before a justice of the peace. Before STAPLES, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in setting aside judgment of justice of the peace.

*F. B. Holmes*, with him *Claude C. Shull*, district attorney for appellant.

*Cicero Gearhart*, with him *W. A. Shafer*, for appellee.

OPINION BY RICE, P. J., March 3, 1911:

This case was brought into the quarter sessions by appeal by defendant from a summary conviction by a justice of the peace under the Act of April 14, 1905, P. L. 169, the first section of which provides that it shall be

unlawful for any person willfully to enter upon any land where the owner or owners of said land has caused to be prominently posted thereon printed notices that the land is private property, and warning all persons from trespassing thereon, under the penalties provided in the act. The second section provides that a person violating the provisions of the act shall be liable to a penalty not exceeding $10.00, together with costs of prosecution, to be recovered before any magistrate or justice of the peace as fines and penalties are by law recoverable, and that, in default of payment, the person convicted shall be committed to the county jail for one day for each dollar of fine imposed. After hearing, the court made a final order sustaining the appeal, setting aside the judgment of the justice of the peace, discharging the defendant, and imposing the costs upon the complainant. From that order this appeal was taken by John Livesey, who was the complainant in the proceeding. As pointed out in the opinion herewith filed in the case of Com. v. Layton, ante, p. 582, a bill of exceptions, though allowed by the court, is not effective to bring the evidence or other extraneous matters upon the record in such proceeding, an appeal from the judgment of the quarter sessions is, in effect, but a certiorari, and the writ brings up nothing but what appears on the record proper. We have nothing to do with the evidence, or with the rulings at the hearing upon offers of evidence. Thus viewing the record we find no error. And the same result is reached even if we may look into the opinion to ascertain the grounds of the decision. These are, that the burden of proof was upon the commonwealth to establish the facts essential to a conviction, and that the court had such reasonable doubts about the controversy as in good conscience restrained it from reaching the conclusion that the defendant was guilty as charged. This exhibits no error of law. The act of 1905 contains no provision which, by any reasonable intendment, can be held to take away from any person having an interest in land, which, under existing law, en-

titled him to enter thereon, the right so to enter: Com. v. Burford, 38 Pa. Superior Ct. 201. The controversy referred to by the learned judge was as to the actual ownership and right to possession of the land upon which the defendant entered, the complainant and the defendant each claiming, with some show of reason, that they were in him. The proper determination of the controversy depended upon written and oral evidence. Where an appeal from a summary conviction by a justice of the peace has been duly allowed by the quarter sessions, and has not been vacated or dismissed upon cause shown, the parties are entitled to a hearing upon such relevant and material evidence pertaining to the charge as they produce, and to the judgment of the court based on the facts established thereby and the law applicable to these facts: Com. v. Levine, 36 Pa. Superior Ct. 188. At such hearing the burden of proof is on the complainant, and if, upon full consideration of the evidence, the court has a reasonable doubt as to any essential to a conviction, it is not error to discharge the defendant, and thus remit the complainant to the ordinary civil remedies. It is not the province of this court to review the evidence and to declare that it ought to have convinced the court below that the complainant, and not the defendant, was the actual owner and entitled to the possession of the land in dispute.

All of the assignments of error are overruled, and the judgment is affirmed.