## Commonwealth *v.* Roth et al., Appellants.

Argued April 24, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

302

*Barney Phillips,* for appellants.

*Arthur A. Brown,* First Assistant District Attorney, with him *James A. Reilly,* District Attorney, and *Samuel J. Feigus,* Assistant District Attorney, for appellee.

OPINION BY RHODES, J., June 28, 1939:

Defendants were summarily convicted before an alderman on a charge of being professional pickpockets, in a proceeding under the Act of June 7, 1901, P. L. 492, §1, 18 PS §2831. On appeal to the court of quarter sessions, after a hearing de novo, it adjudged defendants guilty, ordered and directed them to pay the costs, and committed each to the Allegheny County workhouse for ninety days. Defendants have appealed to this court, and the primary question involved is whether the courthouse at Uniontown, Fayette County, where they were arrested at a political meeting, is one of the places designated in the Act of June 7, 1901, P. L. 492, §1, 18 PS §2831. Section 1 of this act provides as follows: "If any person shall be charged, on oath or affirmation, before [an] . . . . . . alderman . . . . . . in this Commonwealth, with being a professional . . . . . . pickpocket; and who shall have been arrested by any police officer . . . . . . at any steamboat landing, railroad depot or station, ferryhouse, on the platform or inside of any

street passenger railway car, in any church or the vestibule or corridor thereof, in any building occupied as a banking institution, trust company, saving fund or brokers' office, elevators used to carry passengers, in any park or place of public amusement or recreation, or the approaches thereto, auction stores or crowded thoroughfares, public or private, in this Commonwealth; and if it shall be proven to the satisfaction of the said ...... alderman ......, by sufficient testimony, that he or she was frequenting or attending such place or places for an unlawful purpose, he or she shall be committed to the county jail or prison for a term not exceeding ninety (90) days, at labor, or, in the discretion of said ...... alderman ......, be required to enter security for his or her good behavior for a period not exceeding one (1) year. ......"

The court below in finding appellants guilty concluded that the place and circumstances of their arrest were both within the statute. Assuming that the other elements to sustain their convictions were present, the judgments and sentences cannot be sustained unless the Commonwealth established that they were apprehended at one of the places designated in the act. Our inquiry may therefore be directed to ascertaining whether the place where appellants were arrested is one of the places enumerated in the Act of 1901, 18 PS §2831, for, in the absence of such proof, there would be a want of power to convict. See *Commonwealth ex rel. Melinkoff v. Keeper of County Prison,* 49 Pa. Superior Ct. 647, 651.

Appellants were charged with being professional pickpockets, attending a meeting in the Fayette County courthouse and mingling with the crowds there for an unlawful purpose. The Act of 1901, 18 PS §2831, is a penal statute providing for summary conviction and commitment to the county jail or prison for a term not exceeding ninety days. It must therefore be strictly construed. See 16 C. J. §636, p. 346. We think this is

especially true as appellants were arrested thereunder on suspicion and without a warrant, prosecuted and summarily convicted. Although, under the provisions of this act, appellants are not charged with the commission of any crime, they may be incarcerated without the right to a trial by jury. Presumably, the purpose of this act is to prevent the commission of crime rather than to punish it. See *Commonwealth ex rel. Conlin v. Superintendent of County Prison*, 24 Pa. Dist. 175, 177. It necessarily follows that each of the three essentials to a valid summary conviction of appellants be established: (1) They must be professional thieves, burglars, or pickpockets; (2) they must have been arrested in one of the places designated in the act; (3) they must have been frequenting or attending the place for an unlawful purpose. *Commonwealth ex rel. Melinkoff v. Keeper of County Prison*, supra.

In *Commonwealth ex rel. Melinkoff v. Keeper of County Prison*, supra, this court, in an opinion by President Judge RICE, held that a restaurant is not one of the places designated in the Act of June 7, 1901, P. L. 492, §1, 18 PS §2831.

It is manifest that, upon an examination of the act, neither a courthouse nor any part thereof is specifically designated in the act as a forbidden place. However, on behalf of the Commonwealth it is argued that the courtroom in the courthouse, where the political meeting was being held, was "a place of public amusement or recreation under the terms and provisions of the Act of 1901"; and that a political meeting is a form of intellectual recreation. It is unnecessary for us to determine whether a political meeting affords amusement or recreation, as we are led to the conclusion that a courthouse or courtroom is not a place of public amusement or recreation as contemplated by the act, or within the commonly understood meaning of those terms. We find no principle of statutory construction that would demonstrate that the legislative intent was

such as the Commonwealth contends. We think that a courthouse means a building occupied and appropriated for the holding of courts, and that its incidental use for a political meeting does not make it "a place of public amusement or recreation." See Words and Phrases, First Series, vol. 2, p. 1683. It would seem to be more reasonable to hold that a restaurant was a place of public amusement or recreation, and thus a forbidden place, under the Act of 1901, than to conclude that a courthouse or courtroom therein could be so termed.

It is easy enough to argue that the act should be construed to cover the present situation, but the legislature, wisely or unwisely, has not, in our judgment, seen fit to do so. The legislature did not intend that the Act of 1901 should include every place which professional thieves, burglars, or pickpockets might possibly frequent or attend, for "it is to be noticed ...... that the Act of 1901, in designating what for convenience may be called the forbidden places, includes some places that were not mentioned in the local acts [Act of March 13, 1862, P. L. 115, as amended and extended by the Act of March 16, 1864, P. L. 16],[1] others that were mentioned, in some instances describing the latter with more particularity, and omitting some places that were mentioned in the local acts": *Commonwealth ex rel. Melinkoff v. Keeper of County Prison,* supra, 49 Pa. Superior Ct. 647, at page 651.

We are not inclined by strained construction to extend the scope of the act in question beyond its expressed limitations, as it is not within the province of courts to attempt to improve statutory enactments by judicial amendments.

As the place where appellants were arrested was not

[1] It was held in *Commonwealth ex rel. Melinkoff v. Keeper of County Prison,* 49 Pa. Superior Ct. 647, that these local acts came under the operation of the repealing clause (section 2 of the Act of June 7, 1901, P. L. 492).

within the inhibition of the Act of 1901, their convictions cannot be sustained. See *Commonwealth v. Gelbert,* 170 Pa. 426, 32 A. 1091.

Judgments are reversed, and defendants are discharged.