Commonwealth *v*. Ginsberg et al., Appellants.

318

Argued October 14, 1940.

Before Keller, P. J., Cunning-ham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*B. D. Oliensis,* for appellants.

*Franklin E. Barr,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

Opinion by Stadtfeld, J., January 30, 1941:
This case involves the appeals of George Ginsberg,

Charles Rogers and Louis Ginsberg from the judgment of the Court of Common Pleas No. 5 of the County of Philadelphia, dismissing exceptions to a magistrate's record brought before it on certiorari, and sustaining the summary convictions.

The transcript of the magistrate's record discloses that the defendants were arrested by police on January 18, 1940, on warrant charging them, on oath of two detectives, with being professional thieves, frequenting or attending a crowded moving picture theatre, on January 17, 1940, for the unlawful purpose of picking the pockets of theatre patrons "contrary to the form of the Act of General Assembly of June 7, 1901, P. L. 492, in that case made and provided ......" The record contains the evidence given by witnesses for the prosecution, who testified in substance that on January 17, 1940, defendants, previously arrested and committed as professional thieves and pickpockets, were present at a Philadelphia moving picture theatre crowded with patrons, that they jostled the patrons and that they were there for the unlawful purpose of picking pockets. The defendants were found guilty and ordered to be committed for a period of 90 days as provided by the Act of 1901.

The complaint did not aver that defendants had been arrested at the theatre or at any other place specifically designated by the Act of 1901. The record did not disclose any evidence to the effect that defendants had been arrested at any such place, nor did the magistrate make any findings as to the place of arrest. This failure of the complaint, evidence and findings with respect to the place of defendants' arrest was made the basis of the exceptions to the conviction, upon certiorari. The position taken by defendants before the court below, as well as before this court on appeal, is, in substance, that a summary conviction upon the specific offense alleged, cannot be supported on the state of the magistrate's record as it exists. In support of this position

counsel for appellants directs attention to the face of the record wherein it appears that appellants had been arrested on warrant, on the day following their attendance at the theatre, and not on sight or in fresh pursuit.

The Act of June 7, 1901, P. L. 492, §1 (18 PS §2831), relating to the arrest and punishment of professional thieves, burglars and pickpockets, provides as follows: "If any person *shall be charged,* on oath or affirmation, before a magistrate, justice of the peace, alderman, mayor or burgess in this commonwealth, with being a professional thief, burglar or pickpocket; and who *shall have been arrested* by any police officer, detective, constable, sworn peace officer, or watchman at any steamboat landing, railroad depot or station, ferryhouse, on the platform or inside of any street passenger railway car, in any church or the vestibule or corridor thereof, in any building occupied as a banking institution, trust company, saving fund or brokers' office, elevators used to carry passengers, in any park or place of public amusement or recreation, or the approaches thereto, auction stores or crowded thoroughfares, public or private, in this commonwealth; and if it shall be proven to the satisfaction of the said magistrate, justice of the peace, alderman, mayor or burgess, by sufficient testimony, that he or she was frequenting or attending such place or places for an unlawful purpose, he or she shall be committed to the county jail or prison for a term not exceeding ninety (90) days, at labor, or, in the discretion of said mayor, magistrate, justice of the peace, alderman or burgess, be required to enter security for his or her good behavior for a period not exceeding one (1) year ......" (Italics supplied).

It has been well settled that there were three essentials to a valid summary conviction under that act; (1) the defendant must be a professional thief, burglar or pickpocket; (2) he *must have been arrested* in one of the places designated in the act; (3) he must have

been frequenting or attending the place for an unlawful purpose. *Com. ex rel. Melinkoff v. Keeper of County Prison,* 49 Pa. Superior Ct. 647; *Com. v. Roth et al.,* 136 Pa. Superior Ct. 301, 7 A. 2d 145. Upon the principle thus established, there can be no question that, if the Act of 1901 were operative, a summary conviction thereunder would rely for its validity upon the presence of all three essential elements. If the transcript of the magistrate's record were to disclose a defect in any one respect, a conviction could not be sustained. The defect militating against a conviction in the instant case, appellants contend, is the failure of the complaint, evidence and finding of the magistrate to aver and establish that the place where the appellants were arrested fell within the inhibition of the Act of 1901. This contention is covered by the first, second and third assignments of error. It should be noted, however, that the date, set forth in the complaint as the time when appellants were alleged to have committed the offense with which they were charged, was January 17, 1940. This was more than four months after the effective date of The Penal Code, Act of June 24, 1939, P. L. 872 (18 PS §4101, et seq.) formally repealing the Act of 1901 but separately providing (Section 821, 18 PS §4821) for the conviction and punishment of professional thieves, burglars and pickpockets.

The Penal Code of 1939 is entitled "An Act to consolidate, amend and revise the penal laws of the Commonwealth." Section 821 of the Penal Code is entitled "Professional Thieves" and provides as follows: "Whoever, *being charged* before a magistrate with being a professional thief, burglar or pick-pocket, *after having been arrested,* if it shall be proven to the satisfaction of the said magistrate, by sufficient testimony, that he was frequenting or attending any place for an unlawful purpose, he shall, upon conviction in a summary proceeding, be sentenced to imprisonment for a term not exceeding ninety (90) days, at labor, or, in the

discretion of the magistrate, be required to enter security for his good behavior for a period not exceeding one (1) year." (Italics supplied).

It is clear that under this section of The Penal Code of 1939, the essential elements of a valid summary conviction are (1) that he must have been arrested before being charged with the offense; (2) that the defendant must be charged with being a professional thief, burglar or pickpocket; and (3) that he must have been attending or frequenting *any place* for an unlawful purpose.

In our Federal courts the rule is well established that if the acts charged in an indictment are sufficient to constitute an offense under any statute of the United States, a misreference, whether in the caption of the indictment or in the body thereof, to the statute violated, does not render the indictment invalid. *Biskind v. U. S.* 281 F. 47 (C. C. A. Sixth Circuit), certiorari denied, 260 U. S. 731, 43 Sup. Ct. 93; *Williams v. U. S.*, 168 U. S. 382, 389, 18 Sup. Ct. 92; *U. S. v. Nixon*, 235 U. S. 231, 235, 35 Sup. Ct. 49. In our own appellate courts, only one case, touching directly on this point, has come to our attention. That case is *Com. v. Keuhne*, 42 Pa. Superior Ct. 361, where this court said, p. 370: "The fact that an indictment charges the crime substantially in the language of one statute is sufficient to warrant the trial and sustain a conviction for the offense created by that statute, but it will not warrant a trial for and conviction of an entirely different offense created by some other statute." The facts of that case, however, disclose that the defendant, a corporation employee, had been indicted for embezzlement, in the exact language of the Act of March 31, 1860, P. L. 382, §107, which makes the offense charged a *felony*. The Act of June 12, 1878, P. L. 196 §1, made the crime of embezzlement by officers and employees of corporations a *misdemeanor*. It was held that the offense for which the defendant was indicted was not a

misdemeanor and consequently the applicable statute of limitations for the prosecution of the felony under the Act of 1860, was that fixed by Section 77 of the Act of 1860, and not by Section 6 of the Act of 1878, relating to the prosecution of misdemeanors. The felony created by the Act of 1860 and the misdemeanor created by the Act of 1878, were construed as "entirely different offenses."

The gravamen of the offense charged under the Act of 1901 consists not of being a professional thief, burglar or pickpocket, but of frequenting or attending certain designated places for an unlawful purpose; and the persons made liable are such as have been charged on oath or affirmation with being professional thieves, burglars or pickpockets, and who have been arrested at any of the designated places. *Byers and Davis v. Commonwealth,* 42 Pa. 89, 96.[1] The essence of the offense under the Act of 1939, likewise, consists not of being a professional thief, burglar or pickpocket, but of frequenting or attending *any* place for an unlawful purpose; and the persons made liable are those who, *after having been arrested,* are charged with being professional thieves, burglars or pickpockets. The fact that the latter act includes, but is not limited to the places inhibited by the former act, does not of itself compel a construction of the two acts, constituting them entirely different offenses. Nor does such construction follow from the fact that the latter act does not condition liability upon any particular place or places of arrest. It does rather appear, to the contrary, that the two acts, are by no means entirely different offenses.

It is true that the Act of 1901 required an averment alleging the arrest of defendant at a place designated by the act in order that a valid summary conviction

---

[1] This case so construes the Act of March 13, 1862, P. L. 115, the forerunner of the Act of June 7, 1901, P. L. 492.

might be had. Such an averment was necessary to establish the jurisdiction of the magistrate to enter a conviction for the offense, its absence constituting a fatal jurisdictional defect, (*Com. ex rel. Melinkoff v. Keeper of County Prison,* supra), but it related in no manner to the essential elements of the offense. The requirement of such an averment was omitted by the Act of 1939, but the gravamen of the crime was substantially reenacted by the inclusive terms of the said act.

In comparing the two acts, we find not only a general similarity of language, but that their respective provisions pertain to identical persons, and provide for identical punishment upon conviction. We note, moreover, that the particular section of the Act of 1939 under consideration is part of The Penal Code which is designed to revise and consolidate certain acts therein expressly repealed including the Act of June 7, 1901, P. L. 492. We are, therefore, moved in this case, to the same conclusion with respect to these two acts as we were with respect to the Act of May 2, 1901, P. L. 132 (18 PS §421) and Section 406 of The Penal Code, Act of June 24, 1939, P. L. 872 (18 PS §4406) in the case of *Com. ex rel. Jenkins v. Costello,* 141 Pa. Superior Ct. 183, 185, 14 A. 2d 567: "The two acts are, for all practical purposes, identical, the latter supplying the former one as part of the codification of the criminal laws of the Commonwealth."

It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment; if the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient: *Com. v. Carson et al.,* 166 Pa. 179, 30 A. 985; *Com. v. Robertson,* 47 Pa. Superior Ct. 472; *Com. v. Grego,* 116 Pa. Superior Ct. 295, 176 A. 550.

It may be here stated as it was in the case of *Com. ex rel. Jenkins v. Costello,* supra, p. 186; "The defendant would have no difficulty in showing, if he were prosecuted for the same offense another time, just what it was that he was charged with and of what offense he was found guilty in this proceeding."

The Act of 1901, however, provided for a particular procedure whereby a magistrate or other committing officer might acquire jurisdiction over the person liable under this act. It is clear from a plain reading of the act that the arrest of the person must precede the making of the charge or the complaint against him; it is also clear that the arrest must have been made, in flagrante delicto, in one of the places designated by the act and inhibited thereby. The procedure provided for by the Act of 1901 was designed to effectuate the purpose of the act viz, to prevent the commission of crime rather than to punish it: *Com. v. Roth et al.,* supra, 304. In the light of this purpose, it may readily be understood why the Act of 1901 contemplated in express terms the arrest of the person liable under it in advance of making the charge or complaint against him. In this respect the Act of 1939, substantially reenacting the Act of 1901, did not change the earlier act. The conclusion is evident that the legislature, by adopting the phraseology of the earlier acts, and especially by its significant use of the words, "after having been arrested", intended to preserve the principle adhered to in all previous legislation, namely, that the offender's arrest precede the filing of the complaint or charge, thus requiring a procedure whereby the offender's "being charged before a magistrate" can only take place *"after* having been arrested". The only modification made by the Act of 1939 was that which has been pointed out earlier in this opinion; it omitted the requirement of an averment alleging the arrest at a particular, designated place.

Directing our attention to the transcript of the magis-

trate's record in the instant case, we find a fatal jurisdictional defect clearly appearing on the face thereof. Nor is this defect remedied by considering the charge or complaint against appellants as having been brought under the Act of 1939, rather than under its predecessor, the Act of 1901. For the effect of so considering the complaint would be merely to meet appellants' objections to the omission of the averment, evidence and finding as to the *place* of arrest; it would not meet the objection as to the time of arrest in relation to the time of the filing of the charge or complaint. The record at its very start shows that appellants were "arrested by Police 1-18-40 on *warrant* charging" the commission of the offense on January 17, 1940. It appearing on the face of the record that appellants were charged with being professional thieves and with the commission of the offense *prior* to their arrest, this court is of the opinion that their objection to the validity of the summary conviction sustained in the court below, is well taken.

The fifth assignment of error is sustained, judgment is reversed, and it is ordered that defendants be discharged.