Commonwealth *v.* Cohen, Appellant.

Argued December 13, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*B. D. Oliensis,* for appellant.

*John H. Maurer,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY STADTFELD, J., January 30, 1941:

This is an appeal from a judgment of a court of common pleas, dismissing exceptions to a magistrate's record on certiorari and sustaining a summary conviction.

The original complaint brought against the defendant cited the Act of June 7, 1901, P. L. 492, §1 (18 PS §2831). This, however, was amended by another complaint which described The Penal Code, Act of June 24, 1939, P. L. 872, §821 (18 PS §4821) formally repealing the Act of 1901 but separately providing for the convic-

tion and punishment of professional thieves, burglars and pickpockets.

The transcript of the magistrate's amended record discloses that the defendant, Annie Cohen, was arrested by police on September 21, 1940, charging her, on oath of a police sergeant and two detectives, with being a professional thief and with being present on September 21, 1940, in a five and ten cent store, where she mingled with a crowd for the unlawful purpose of picking pockets, "contrary to the form of the Act of General Assembly of June 24, 1939, P. L. 872, Sec. 821, in that case made and provided ......" The record further shows that a hearing was held on September 23, 1940, at which the complaining officers testified in substance that on September 21, 1940, defendant, previously arrested and convicted as a professional thief and pickpocket, was present at a Philadelphia five and ten cent store crowded with people, that she jostled customers and that she was there for the unlawful purpose of picking pockets. The defendant was found guilty and ordered to be committed for a period of 90 days at labor as provided by the Act of 1939. The court below sustained the conviction.

On appeal to this court, the record was subjected to attack, as it was in the lower court, on the ground that it does not sustain the jurisdiction of the magistrate (1) because of the failure of the complaint, evidence and findings to aver and establish the arrest of defendant at a particular place, in flagrante delicto, and (2) because of the failure of the record to show that the arrest of defendant preceded the lodgment of the charge against her. This is precisely the position taken by the appellants in the case of Com. v. Ginsberg et al., 143 Pa. Superior Ct. 317, 18 A. 2d 121.

In that case it was held that a complaint brought under the Act of 1939 was not objectionable because of the omission of any averment, evidence or finding as to

the *place* of arrest. This court there said, "The essence of the offense under the Act of 1939 ...... consists not of being a professional thief, burglar or pickpocket, but of frequenting or attending *any* place for an unlawful purpose; and the persons made liable are those who, *after having been arrested,* are charged with being professional thieves, burglars or pickpockets ...... It is true that the Act of 1901 required an averment alleging the arrest of defendant at a place designated by the act in order that a valid summary conviction might be had. Such an averment was necessary to establish the jurisdiction of the magistrate to enter a conviction for the offense, its absence constituting a fatal jurisdictional defect, (*Com. ex rel. Melinkoff v. Keeper of County Prison,* 49 Pa. Superior Ct. 647), but it related in no manner to the essential elements of the offense. The requirement of such an averment was omitted by the Act of 1939, but the gravamen of the crime was substantially reenacted by the inclusive terms of the said act."

Referring to the record in the instant case, we find that the complaint describes the offense, substantially following the words of the Act of 1939; that the findings of the magistrate include the essential elements constituting the gravamen of the offense; and that the evidence adduced is sufficient to sustain those findings, there being no testimony as to such facts as might support the contention that the law had been improperly applied. Under these circumstances the first reason assigned by appellant fails to establish the conclusion that the conviction by the magistrate under the Act of 1939 was either illegal or void. See *Byers and Davis v. Commonwealth,* 42 Pa. 89.

The second reason assigned by appellant for reversing the conviction in the instant case had likewise been advanced in *Com. v. Ginsberg et al.,* supra. The record in that case disclosed that appellants had been

"arrested by Police 1-18-40 on *warrant* charging" the commission of the offense on January 17, 1940. It thus appeared that a warrant charging the offense had been issued and thereafter, on the day following the commission of the offense, appellants had been arrested. This court held that the objection to the validity of the summary conviction under the Act of 1939 was well taken, it appearing on the face of the record that appellants had been charged with being professional thieves and with the commission of the offense *prior* to their arrest. This court said, "The procedure provided for by the Act of 1901 was designed to effectuate the purpose of the act; viz, to prevent the commission of crime rather than to punish it: *Com. v. Roth et al.,* 136 Pa. Superior Ct. 301, 304, 7 A. 2d 145. In the light of this purpose, it may readily be understood why the Act of 1901 contemplated in express terms the arrest of the person liable under it in advance of making the charge or complaint against him. In this respect the Act of 1939, substantially reenacting the Act of 1901, did not change the earlier act."

The amended record in the instant case, however, clearly shows that appellant had been arrested on the same day that the offense was alleged to have been committed and that no warrant had been issued *prior* to her arrest, charging her with the offense. The first and only charge made against her was that contained in the complaint before the magistrate and appearing in his transcript of the record; and while that charge appears to have been made on the day of the arrest, September 21, 1940, it contained within itself a recital of the fact of the arrest on the same day, as having already been made. The record, therefore, cannot be said to disclose, on its face, a defect fatal to the jurisdiction of the magistrate.

In view of the conclusion here reached, there is no necessity of deciding the additional question raised as

to whether suing out a writ of habeas corpus bars a certiorari.

The judgment of the lower court is affirmed, and the record is remitted to the court below and it is ordered that the defendant appear in the court below at such time as she may there be called and she be by that court committed, until she has complied with the sentence or any part of it which had not been performed when the appeal was made a supersedeas.