## Commonwealth v. Bey, Appellant.

Submitted April 29, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Albert G. Newton* and *B. D. Oliensis,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, and *John H. Maurer,* District Attorney, for appellee.

OPINION BY RHODES, J., July 27, 1942:

The magistrate's record was brought before a court of common pleas of Philadelphia county by a writ of certiorari. This appeal by defendant is from the judgment of that court, which sustained the summary conviction by the magistrate.

The question here presented is whether the magistrate's transcript of the record is sufficient. Defendant's argument is to the effect that the record fails to set forth any of the evidence, or the substance of the evidence, and that this is fatal to the validity of the proceedings.

The complaint, as disclosed by the transcript of the record, charged in substance that defendant was a professional thief, that he was arrested while in a crowded trolley car, naming the time and place, and that he was there for the unlawful purpose of picking pockets, "contrary to the form of the Act of General Assembly of June 24th, 1939, P. L. 872, sec. 821." Under section 821 of the Act of 1939, 18 PS §4821,[1] the essential elements of a valid summary conviction are (1) that the defendant must have been arrested before being charged with the offense; (2) that he must be charged with being a professional thief, burglar or pickpocket; and (3) that he must have been attending a place for an unlawful purpose. *Com. v. Ginsberg et al.,* 143 Pa. Superior Ct. 317, 322, 18 A. 2d 121. The gravamen of the offense consists not of being a professional thief, burglar or pickpocket, but of frequenting or attending any place for an unlawful purpose; and the persons made liable are those who, after having been arrested, are charged with being professional thieves, burglars or pickpockets. *Com. v. Ginsberg et al.,* supra, p. 323; *Com. v. Cohen,* 143 Pa. Superior Ct. 326, 329, 18 A. 2d 126. The purpose of the act is to prevent the

---

[1] "Whoever, being charged before a magistrate with being a professional thief, burglar or pick-pocket, after having been arrested, if it shall be proven to the satisfaction of the said magistrate, by sufficient testimony, that he was frequenting or attending any place for an unlawful purpose, he shall, upon conviction in a summary proceeding, be sentenced to imprisonment for a term not exceeding ninety (90) days, at labor, or, in the discretion of the magistrate, be required to enter security for his good behavior for a period not exceeding one (1) year."

commission of crime rather than to punish it.  *Com. v. Roth et al.,* 136 Pa. Superior Ct. 301, 304, 7 A. 2d 145.

The record shows that the two witnesses of the Commonwealth, the complaining officers, testified in substance that defendant, on November 1, 1941, was in an eastbound trolley car at Eighteenth and Lombard Streets in the city of Philadelphia, that he was there for an unlawful purpose, that he was a professional thief, and that he had been arrested several times.  The record states that it was proved to the satisfaction of the magistrate that he was there for the unlawful purpose of trying to pick pockets.  Defendant was given an opportunity to examine the witnesses, and was heard in his own defense that he was on his way to visit his sister.

In summary convictions the record must set forth the substance of the evidence (*Com. v. Borden,* 61 Pa. 272, 276), but it is not necessary to set forth the testimony as it is not a part of the record (*Com. v. Hardy,* 1 Ashmead 410, 412;  *Com. v. Anthony et al.,* 22 D. & C. 534, 535).  The substance of the evidence to establish the offense in this case as defined by the statute sufficiently appears on the face of the magistrate's record.  From the facts it could be legitimately inferred that defendant was on the trolley car to pick pockets.  The magistrate was satisfied from the evidence that he was there for this purpose, which was unlawful.  Consequently, the conviction was warranted by the facts as they appear on the record.

If defendant had good reason to have his case reheard on the merits, he could have applied for the allowance of an appeal to the court of quarter sessions.[2]  With the privilege thus to petition for hearing de

---

[2] Article 5, §14, Constitution of Pennsylvania;  Act of April 17, 1876, P. L. 29, §1, as last amended by Act of April 1, 1925, P. L. 98, §1, 19 PS §1189;  Act of May 10, 1927, P. L. 866, §20,  42 PS §1060.

novo before the court of quarter sessions, the courts, on certiorari, will not accept merely astute reasoning, or be too captious in order to set aside the judgment of a magistrate.[3] The proceedings, of course, must be regular, and sustain the conviction.

We find no merit in the alleged errors assigned.

Judgment is affirmed.

---

[3] See Sharswood's Blackstone's Comm., Book 4, page 280, footnote 1, page 281, footnote 4; *Com., to Use, v. McCann & Co.,* 174 Pa. 19, 34 A. 299.