Commonwealth *v.* Oliver, Appellant.

Argued March 10, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*B. D. Oliensis,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY STADTFELD, J., April 21, 1943:

Defendant was summarily convicted under the provisions of the Penal Code which deals with professional thieves, the Act of June 24, 1939, P. L. 872, Section 821. He sued out a writ of certiorari and on return of the magistrate's record filed exceptions thereto, which are in effect as follows:

1. That the complaint failed to aver that the defendant was a professional thief.

2. Because the record shows he was not arrested in flagrante delicto but after his departure from the place of his unlawful activity.

In the recent case of *Commonwealth v. Bey,* 150 Pa.

Superior Ct. 93, 27 A. 2d 457, Judge RHODES held that under Section 821 of the Act of 1939 above quoted, "...... the essential elements of a valid summary conviction are (1) that the defendant must have been arrested before being charged with the offense; (2) that he must be charged with being a professional thief, burglar or pickpocket; and (3) that he must have been attending some place for an unlawful purpose.

"The gravamen of the offense consists not of being a professional thief, but of frequenting or attending any place for an unlawful purpose."

As to the first exception that the magistrate's return is insufficient because it does not charge the defendant with being a professional thief, the record starts with the allegation "arrested by police charging defendant, Harry Oliver, with being a professional thief." There is therefore no merit in this exception.

As to the second exception the record states "That said offense being committed on the 30th day of October 1942 at 60th and Market *and Spruce Street* in the City of Philadelphia, contrary to the form of the Act of General Assembly of June 24, 1939, P. L. 872, Section 821, in that case made and provided, which said Act of Assembly, among other things, provides that where a professional thief, burglar, or pickpocket shall be proved to the satisfaction of the magistrate by sufficient evidence that he was there frequenting or attending *any* place for unlawful purpose he or they shall upon conviction be sentenced, etc." (Italics supplied.)

The only difference between the Act of June 7, 1901, P. L. 492, (15 PS Sec. 2831) and the Penal Code of 1939, Sec. 821, is that the older Act applied to the presence of the professional thief at certain named kinds of places while the later Act of 1939 applies to his presence "at any place."

The record charges the offense at two places, to-wit:

"at 60th & Market and Spruce Street," and continues "that Harry Oliver of #241 No. Darien Street, did attempt to pickpocket an unknown person at 60th and Market Streets getting on a North Bound Trolley car on 60th Street, then got on a South Bound Trolley car on 60th Street got off at Spruce Street, (Trolley Car was crowded.)

"That said offense being committed on the 30th day of October 1942 at *60th & Market and Spruce Street in the City of Philadelphia,* contrary to the form of the Act of General Assembly of June 24, 1939, P. L. #872, Section #821, in that case made and provided which said Act of Assembly, among other things provides that where a Professional Thief, Burglar, or pickpocket shall be proved to the Satisfaction of the Magistrate by sufficient evidence that he was there frequenting or attending any place for unlawful purpose he or they shall upon conviction in a Summary Proceeding be sentenced, etc.

"And therefore October 31, 1942, it is considered and adjudged the said defendant Harry Oliver, is guilty of being a Professional Thief, and in that on October 30, 1942, he attended a place for unlawful purpose (Trolley Car.) and it is proven to the satisfaction of the Magistrate by sufficient evidence that he was there for an unlawful purpose of trying to pickpocket and has been previously arrested and he shall for this offense be committed, etc."

The purpose of this act is to prevent the commission of crime rather than to punish it: *Commonwealth v. Roth,* 136 Pa. Superior Ct., 301, 7 A. 2d 145; *Commonwealth v. Ginsberg,* 143 Pa. Superior Ct. 317, 18 A. 2d 121.

The Act of 1901 and the Act of 1939 are for all practical purposes identical, the latter supplying the former Act as part of the codification of the criminal laws of the Commonwealth: *Commonwealth ex rel. Jenkins v. Costello,* 141 Pa. Superior Ct. 183, 185, 14 A. 2d 567.

Quoting from the opinion of Judge RHODES in *Commonwealth v. Bey, supra*: "If defendant had good reason to have his case reheard on the merits, he could have applied for the allowance of an appeal to the court of quarter sessions. With the privilege thus to petition for hearing de novo before the court of quarter sessions, the courts, on certiorari, will not accept merely astute reasoning, or be too captious in order to set aside the judgment of a magistrate."

The record in the instant case sets forth all the essential elements necessary to sustain a conviction.

The assignments of error are overruled and judgment affirmed.