## Commonwealth v. Lauman

*J. Stroud Weber,* district attorney, for Commonwealth.

*David E. Groshens,* for defendant.

FORREST, J., July 11, 1951.—A summons was issued on December 30, 1950, by John A. Lear, justice of the peace, West Point, Pa., requiring defendant, John H.

Lauman, to appear for hearing upon a charge of "reckless driving" for "operating his motor vehicle south of Lansdale Pike, Upper Gwynedd Township, at a fast rate of speed, carelessly and in a manner so as to endanger people and property, in violation of section 1001(a) of The Vehicle Code of Pennsylvania . . .". After a hearing, the justice of the peace found defendant guilty. An appeal was allowed to this court.

On April 13, 1951, a hearing de novo was held before the writer of this opinion and defendant was found guilty and directed to pay a fine of $10 and costs. In due course exceptions were filed for the following reasons:

"1. The decision was against the law.

"2. The record is insufficient to support the decision."

Defendant testified that on the night of December 25, 1950, he was operating his 1937 Packard sedan in a southerly direction along South Broad Street, near Lansdale, Montgomery County, at a speed between 35 and 40 miles per hour; that he could see about 15 feet ahead of him; that he knew it was a 35-mile-an-hour speed zone; that he did not have a chance to apply his brakes when he saw another car in the middle of the road and, therefore, he could not avoid a collision. As a result, his wife suffered a broken leg and knee cap and his car was severely damaged. Testifying, defendant said:

"A. I was practically on top of it—I judge, maybe, three quarters the length of the car.

"Q. Will you please tell this court why you didn't see the car, before three fourths of a car length, with a down beam on.

"A. It was pretty dark in that section.

"Q. You had your lights on. There were no cars parked on the east side, were there?

"A. No."

It would seem that defendant's own testimony conclusively proves that he was going too fast for conditions.

Defendant contends, first, that the charge of "reckless driving" was incorrectly stated in the summons since it did not quote the statute verbatim. It has been held inumerable times that it is not necessary that the summons issued by a justice of the peace, who of course is not learned in the law, set forth the offense with particularity or in the exact words of the statute:

"It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment; if the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient": Commonwealth v. Ginsberg et al., 143 Pa. Superior Ct. 317, 324 (1940).

There is no doubt that defendant knew, upon reading the summons, with what offense he was charged. The "reckless driving" section—1001(a) of The Vehicle Code, 75 PS §481—was specified as being the law violated. We conclude therefore, that defendant was explicitly appraised of the charge and accordingly, the first contention falls.

Secondly, defendant contends that there is no proof of "reckless driving", citing the following cases which are distinguishable, as we shall point out. The cases of Commonwealth v. Frisch, 41 D. & C. 266 (1941), and Commonwealth v. Hughes, 22 D. & C. 377 (1935), are distinguishable on their facts in that in neither of these cases was there anything reckless in defendant's driving. As was said by Judge Corson of this court in the latter case (p. 378):

"There is no evidence whatever that there was any person or property endangered as a result of defendant's operation of his motor vehicle."

In Commonwealth v. Albert, 68 D. & C. 276 (1949), a case relied upon by defendant, the court had already determined to quash the information on the ground that the compulsory statutory requirement that the prosecution be "brought before such nearest available magistrate," had not been complied with, before discussing the question of "reckless driving." The discussion on the question of "reckless driving" thus became dicta. Also in Commonwealth v. Boarts, 71 D. & C. 14, 18 (1949), the court came to the conclusion that there was no reckless driving after observing:

"In the instant case we are in the dark. We are not permitted to guess what transpired. There is no evidence concerning the condition of the highway, whether it was dry, wet or icy. We do not know whether traffic was heavy or light or whether fog existed. Nothing has been developed concerning the physical or mental condition of the operator at and immediately before the accident; neither do we know anything about the physical condition of his automobile, except that to the best of his knowledge his brakes and lights were operating and he was proceeding down grade."

Another case cited was that of Commonwealth v. Michails, 43 D. & C. 221 (1941). There the information was sustained and therefore anything in support of defendant's positions was merely dicta.

In contrast to all the foregoing, in the instant case, there was not only serious injury but the circumstances were such that defendant could and should have anticipated that an accident was not only possible but probable, since he was not able to stop within the range of his headlights. If such operation of a motor vehicle is not "reckless" and "wanton", it is hard to imagine what would be. The proof that it was "reckless" and

"wanton" operation is the resulting accident and that such result was probable under the circumstances. Defendant disregarded the rights and safety of others. If he had considered the consequences of the manner in which he was driving under the circumstances he, as any reasonable man, would come to the conclusion that he was driving in a manner "disregarding the rights and safety of others" and "so as to endanger person and property".

The hearing judge is still convinced beyond a reasonable doubt that defendant wantonly disregarded the rights and safety of others and was driving in a manner endangering persons and property. Accordingly, the sentence should be sustained and the exceptions dismissed.

And now, July 11, 1951, the exceptions to the findings of the hearing judge, to wit: "(1) The decision was against the law, and (2) The record is insufficient to support the decision," are dismissed and the sentence is affirmed with costs on defendant.