## Commonwealth v. Grant

*Ralph W. Eby, Jr.*, for defendant.

*Alfred C. Alspach*, assistant district attorney, for Commonwealth.

SCHAEFFER, P. J., November 7, 1952.—Defendant, Virginia Grant, was prosecuted before a justice of the peace for a violation of The Vehicle Code of May 1, 1929, P. L. 905, as amended. The information sets forth that defendant on June 27, 1952, at 11:30 p.m., "violated Sub-section (a), Section 1001, Article X, of The Vehicle Code of the Commonwealth of Pennsylvania, while driving on the public road at Christiana, Gay and Green Sts., Reckless driving, Also failed to stop at the signal of the Borough Officer William Graham. Sub-section (a), Section 1218, Article XII . . . contrary to the Act of Assembly enacted May 1st, 1929, as amended."

Defendant waived a hearing and gave bail for a hearing in court. Defendant has moved to quash the information on the ground of duplicity, contending that two distinct offenses are charged in a single information and also that the information does not charge that defendant committed any acts which would constitute a violation of The Vehicle Code.

It is admitted by the Commonwealth that the information is insufficient as to the charge of reckless driving. The question as to the sufficiency of the information relative to the charge of the failure or refusal to stop upon the signal of the peace officer remains to be determined by the court.

Section 1218(a) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, provides as follows:

"The operator of any vehicle shall stop upon request or signal of any peace officer, who shall be in uniform, and shall exhibit his badge or other sign of authority, and shall, upon request, exhibit his registration card, or operator's license card, or learner's permit, and shall write his name in the presence of such peace officer, if so required for the purpose of establishing his identity."

It is argued by defendant that two of the elements of this offense are not set forth in the information:

(1) That the officer must be in uniform, and (2) that he must exhibit his badge or other sign of authority. In Com. v. David Kline, 46 Lanc. 339, involving The Vehicle Code, it was decided that: "It is not necessary that an information should charge the crime with the same detail and technical accuracy as is required in an indictment." In Commonwealth v. Ginsburg et al., 143 Pa. Superior Ct. 317, 324, it is said:

"If the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient."

See also Commonwealth v. Musto, 348 Pa. 300, 303; Commonwealth v. Spallone No. 1, 154 Pa. Superior Ct. 282. In Com. v. Clayton W. Fox, 49 Lanc. 225, it is said:

"It has been the policy of this court to recognize a complaint as sufficient and good in law if the offense is charged plainly and the nature of it may be readily understood."

In the instant case the essential elements of the offense as to failure to stop upon signal of the peace officer are set forth sufficiently in the complaint by stating what occurred in violation of the section of The Vehicle Code specified in the complaint. The information sets forth how, when and where the alleged offense occurred. Whether the borough peace officer wore a uniform or was exhibiting his badge at the time of the alleged occurrence is largely a matter of proof or defense. It is not a jurisdictional requirement. It is not necessary to state in the information what kind of signal to stop was given by the officer, as contended by defendant.

Section 1218(a) of The Vehicle Code in controversy sets forth only one offense. Duplicity in an informa-

tion or in an indictment is a joinder of two or more distinct offenses in one count. In the case at bar the two alleged violations of The Vehicle Code occurred at the same time and place and practically grew out of the same act.

And now, November 7, 1952, the rule to quash the information as to reckless driving is made absolute and the rule to quash the information as to failure to stop upon signal of the peace officer is discharged.