## Commonwealth v. McGarvey

*J. Paul Frantz, Jr.*, for Commonwealth.
*Chase & Chase*, for defendant.

PENTZ, P. J., March 27, 1959.—This matter comes before the court on an appeal by defendant from proceedings before the justice of the peace of Newburg Borough on an alleged violation of a resolution of the Chest Township School District.

Chest Township School District enacted a resolution in June 1957, levying a tax on salaries, wages, commissions and other compensations earned by the residents of Chest Township School District.

This resolution had a provision that any person convicted "before any justice of the peace of Chest Township of violating any of the provisions or requirements of this resolution", specifying the various provisions, violation of which will bring about liability for the payment of a fine and, in lieu thereof, imprisonment not exceeding 30 days.

Appellant argues: First, that the justice of the peace of Newburg Borough has no jurisdiction to entertain prosecution of this resolution; second, the resolution is a tax levy and was not enacted during the months specified by the School Code, but was enacted in June, and third, the constitutionality of a wage tax imposing fine for failure to comply therewith.

This resolution is a piece of tax legislation and provides a penalty of fine and imprisonment for violation thereof. The resolution provides a penalty by fine or imprisonment and jurisdiction over such prosecution is placed upon any justice of the peace of Chest Township. The instant proceedings were before a justice of the peace of Newburg Borough. Being tax legislation with a penalty included for violation, it must receive strict construction: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558.

Therefore, giving to the resolution the strict construction required, the prosecution must be brought before a justice of the peace of Chest Township. The proceedings before a justice of the peace of Newburg Borough is beyond the jurisdiction created by the resolution, and such justice of the peace cannot entertain the prosecution.

Without passing to the other questions involved, the proceedings before the justice of the peace, as shown by the transcript, are clearly defective whether the justice of the peace had jurisdiction or not.

In any summary conviction, on appeal taken, the record must show that the magistrate not only has jurisdiction of the cause but that the accused committed the act complained of, a sufficient complaint, information or charge or other facts necessary to sustain a conviction, that a hearing has been held, defendant was advised of the charges against him before the hearing was commenced, that witnesses were sworn, the gist or a summary of the testimony of the witnesses, the findings of fact made by the justice and the judgment or sentence imposed thereon. Lacking any of these, the transcript is defective, and on appeal the judgment or final decree shall be set aside: 10 P. L. E. 435, §160; Commonwealth v. Bey, 150 Pa. Superior Ct. 93; Commonwealth v. Shillinger, 39 Luz. 314.

The transcript of the proceedings before the justice

of the peace violate almost every one of the foregoing requirements for proper penal action under a municipal ordinance or resolution.

It recites that the tax collector, upon oath duly administered, states that defendant failed to reply to the tax resolution of wage tax of Chest Township. It seems that summons was then issued and served. Upon failure of defendant to answer the summons a warrant was issued, and then it states a hearing was held and a recess granted for each side to receive more information. Another hearing was held and recessed, and defendant failed to appear and a warrant was issued, defendant brought in and found guilty and fined $100.

There is no statement of just what violation of the resolution was specified as the offense charged, no evidence of any kind was taken apparently, no witnesses named.

Under these circumstances the judgment of guilty must be set aside, the defendant discharged, bail returned and costs placed upon the prosecutor.

### Order

Now, March 27, 1959, findings of guilty of the justice of the peace of the said defendant, James E. McGarvey, discharged, bail returned and costs placed upon the prosecutor.