## Commonwealth v. Krieger

*Richard C. Snelbaker*, Assistant District Attorney, for Commonwealth.

*Henry L. Stuart*, for defendant.

JACOBS, J., May 19, 1962.—Defendant was arrested on January 12, 1962, on a charge of speeding. He

waived summary hearing and gave the required bond for appearance for trial before the court of quarter sessions. At the time fixed for trial, defendant moved to quash the information. The trial judge deferred his decision on the motion to quash and proceeded to take testimony on the facts of the case.

Defendant moved to quash for three reasons. First: the arrest was made on view by the chief of police of Hampden Township, Cumberland County, Pennsylvania, who, defendant claims, did not have authority to arrest on view for a summary offense. Second: the information failed to set forth that the officer making the arrest was in uniform. Third: the copy of the information furnished to defendant was not signed by the officer making the arrest.

The following facts were clearly shown by the testimony.

The arrest was made on view on January 12, 1962. The officer who made the arrest was the chief of police of Hampden Township, a first class township of Cumberland County, Pennsylvania. The officer who made the arrest was in uniform. Defendant was immediately taken before the nearest available magistrate. No accident had occurred in which defendant was involved. An information was immediately filed by the officer before the justice of the peace. Defendant was an out-of-state resident with an out-of-state driver's license. At the time of the alleged offense, the defendant was operating a tractor trailer bearing license plates from another State.

It is true that until 1961 a police officer of the Commonwealth of Pennsylvania other than a State policeman did not have authority to arrest a motorist on view for a summary offense under The Vehicle Code of April 29, 1959, P. L. 58, unless defendant was involved in an accident. However, section 1 of the Act of September 14, 1961, P. L. 1292, gave power to

police officers of townships when in uniform to arrest on view nonresident motorists who violate the summary provisions of the code: 75 PS §1203. In accordance with the provisions of section 4 of the Statutory Construction Act of May 28, 1937, P. L. 1019, the Act of September 14, 1961, became effective 60 days after its enactment or some time in November, 1961: 46 PS §504. It was, therefore, in full force and effect when this offense took place on January 12, 1962. The Act of September 14, 1961, which was an amendment to The Vehicle Code, reads as follows:

"In addition to and notwithstanding any other provisions in this act relating to procedures dealing with enforcement, the filing of informations, the institution of summary proceedings and the issuance of warrants for arrest of alleged violators, a police officer of a city of the first, second, second class A or third class or of a borough, town or township, who is in uniform and observes a violation of any of the summary provisions of this act or any local traffic ordinance, and has reasonable ground to believe that the violator is a nonresident of this Commonwealth and may not appear in the traffic court of the city, borough, town or township in response to a traffic violation citation handed to him, and that the offender will not be available for service of a warrant which may thereafter be issued for his arrest for the violation, is authorized to arrest the offender forthwith in accordance with authority of police officer of any city of the first, second, second class A or third class or of any borough, town or township, to arrest on view persons violating any ordinance thereof.

"All persons arrested on view under the provisions of this section shall be taken before the nearest available justice of the peace, alderman, mayor or burgess, regardless of the city, borough, town or township lines, but within the county where the arrest was made."

We hold, therefore, that this police officer did have authority to arrest defendant on view, and the first reason advanced by defendant on his motion to quash is not well taken.

The second and third reasons advanced by defendant in his motion to quash point out purely procedural defects. Where a defendant waives a hearing and takes an appeal to the court of quarter sessions, he surrenders his right to attack the record on technical deficiencies. That was the holding of Commonwealth v. Burall, 146 Pa. Superior Ct. 525, where the information and record of the justice of the peace and the justice's record failed to show mailing of the required notice to appear. The essential fact here was whether or not the officer was in uniform, and it having been proved at the trial that he was in uniform, failure to allege the same in the information is immaterial. The same is true in regard to the failure of the officer to sign the copy of the information handed to defendant. No objection is made that the information did not contain the essential facts of the alleged offense. Defendant was given full notice of the nature of the unlawful act which he was alleged to have committed. Under the ruling of Commonwealth v. Ginsberg, 143 Pa. Superior Ct. 317, in the case of a summary offense, such an information is sufficient. The affidavit to the information was signed by the justice of the peace before whom defendant was taken and he has been in no way harmed by the failure of the arresting officer to sign the copy of the information furnished to him. Such defect was a purely technical one which he lost his right to raise when he appealed to this court.

### Order

And now, May 19, 1962, after hearing, defendant's motion to quash the information is refused. Defendant is found guilty and is directed to appear before this

court for sentence on May 29, 1962, unless he shall prior to that time pay the costs of prosecution and a fine of $10 to the probation officer of this court.