Commonwealth *v*. DeCarlo, Appellant.

Submitted April 10, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Louis DeCarlo*, appellant, in propria persona.

*Edwin J. Martin* and *Charles B. Watkins*, Assistant District Attorneys, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 15, 1967:

On the evening of January 6, 1965, appellant, Louis DeCarlo, was arrested in Horne's Department Store by

a member of the store's security force. DeCarlo had not stolen any merchandise, nor had he been observed attempting to do so. His previous record of arrests for shoplifting was well-known to the store's security force, however, and he had behaved in a manner which the arresting officer regarded as suspicious.

A criminal complaint was subsequently sworn out against DeCarlo charging that he was a professional thief in violation of §821 of The Penal Code, which provides: "Whoever, being charged before a magistrate with being a professional thief, burglar or pick-pocket, after having been arrested, if it shall be proven to the satisfaction of the said magistrate, by sufficient testimony, that he was frequenting or attending any place for an unlawful purpose, he shall, upon conviction in a summary proceeding, be sentenced to imprisonment. . . ." 18 P.S. §4821.

DeCarlo was adjudged guilty in a summary proceeding before a Justice of the Peace, and was sentenced to imprisonment for a term of ninety days. The Allegheny County Court dismissed his appeal, after hearing de novo. The case is now before our Court on appeal from that order of dismissal.

Appellant is concededly within the class of those subject to criminal liability under §821 of The Penal Code. His record of prior convictions was properly admitted into evidence to establish that fact. As our Court has often stressed, however, "The gravamen of the offense consists not of being a professional thief, burglar, or pickpocket, *but of frequenting or attending any place for an unlawful purpose. . . ."* Commonwealth v. Bey, 150 Pa. Superior Ct. 93, 27 A. 2d 457 (1942) (emphasis supplied); Commonwealth v. Oliver, 152 Pa. Superior Ct. 263, 31 A. 2d 588 (1943).

To establish the requisite "unlawful purpose," the court below relied almost entirely on appellant's prior criminal record. After reciting that record in some de-

tail, the court concluded: "[Appellant's] *state of mind* is shown . . . to be that of a thief. . . . [*T*]*he defendant's prior convictions alone* taken together with all of the surrounding circumstances [show] that he was present on the premises of the Joseph Horne Company . . . for only one purpose, and that purpose being to shoplift." (Emphasis supplied)

The statute, however, requires that an "unlawful purpose" appear from defendant's conduct. The trial court's reasoning robs that requirement of all independent significance, by deducing a present "unlawful purpose" from a history of past criminality. The result is to make defendant's guilt a function of what he is, rather than what he has done. Such an interpretation of the statute, moreover, raises grave constitutional questions regarding the power of the Legislature to provide criminal sanctions for "status offenses." See *Robinson v. California,* 370 U.S. 660 (1962); *City of Reno v. Second Judicial District Court,* 427 P. 2d 4 (Nev. 1967); and, generally, Amsterdam, Federal Constitutional Restrictions on the Punishment of Crimes of Status, Crimes of General Obnoxiousness, Crimes of Displeasing Police Officers, and the Like, 3 Criminal Law Bulletin 205 (1967).

We need not reach the constitutional issue at this time, however. In our opinion, the Legislature did not intend to deny this appellant the right to frequent places of public accommodation within the Commonwealth merely because of his previous convictions. To avoid such a result, we hold that, under the Professional Thieves statute, no inference of a present "unlawful purpose" may be drawn from a defendant's prior criminal record. Any suggestion to the contrary in the earlier cases is hereby expressly disapproved.

A new trial will not be required in this case. Putting aside the defendant's previous convictions, the lower court's finding of an "unlawful purpose" is sup-

ported only by a wholly exculpatory statement (which the Commonwealth attempts to characterize as an admission) and defendant's conduct in the store, which was innocent in itself. After thorough and independent study of the entire record, we find the evidence insufficient, as a matter of law, to make out the statutory offense.

Judgment reversed and defendant discharged.

MONTGOMERY, J., concurs in the result.

WRIGHT, J., would affirm on the opinion of LENCHER, P. J., in the court below.