Commonwealth ex rel. Jones et al., Appellants, *v.* Hendrick.

Submitted December 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Bernard L. Lemisch,* for appellants.

*Samuel T. Swansen* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., March 20, 1969:

On the morning of August 16, 1968, two policemen observed three men on 60th Street at Ludlow Street in West Philadelphia. One man was standing inside a telephone booth on the sidewalk and the other two men, appellants Jones and Taylor, were standing outside the booth. As the officers stopped to investigate, the man in the booth walked over to them and said that appellant Taylor was lost and was trying to locate a certain hotel. Taylor, speaking with a "West Indian accent," told the officers he was looking for a hotel and exhibited a bus ticket and a card upon which the name of the hotel was apparently written. The officer told Taylor that the hotel in question was not in the city, asked him where he was from, and received an unsatisfactory answer. Having been told to be on the lookout for a "flim-flam artist" with a Jamaican accent, the officers decided to take all three men to the police station for investigation. The officers frisked one of the appellants and discovered a roll of "play money" with a ten dollar bill on top. A consensual search of appellant Jones' car yielded two similar rolls of money.

At the police station a detective interviewed Gilbert Holloway, the man who was in the phone booth during the incident. Holloway stated that he had just left a bank at 60th and Ludlow Streets when one of the appellants approached him, showed him a card with an address and asked if he knew where the address was. The individual then "flashed" what Hollo-

way thought was a large roll of money, although he did not get a good look at it, and the policemen approached before anything else could be said.

After searching and finding that the appellants had criminal records, the detective swore out a criminal complaint charging Jones and Taylor with being "professional thieves" in violation of section 821 of The Penal Code, which provides: "Whoever, being charged before a magistrate with being a professional thief, burglar or pickpocket, after having been arrested, if it shall be proven to the satisfaction of the said magistrate, by sufficient testimony, that he was frequenting or attending any place for an unlawful purpose, he shall, upon conviction in a summary proceeding, be sentenced to imprisonment for a term not exceeding ninety (90) days . . . ." Act of June 24, 1939, P. L. 872, §821, 18 P.S. §4821. Appellants were adjudged guilty in a summary proceeding before a magistrate and sentenced to imprisonment for ninety days. Their petitions for habeas corpus were denied by the common pleas court below, after a hearing de novo, and this appeal followed. Although the procedural posture of this case is somewhat irregular, the record and briefs before us raise issues which could only be raised on a direct appeal. Since the court below held a hearing de novo, and the district attorney at that proceeding characterized it as "in effect an appeal from a summary conviction . . .," we shall treat this appeal accordingly and decide appellants' contentions on the merits.[1]

It is initially doubtful whether appellants are within the class of persons subject to criminal liability under section 821 of The Penal Code. Although the de-

---

[1] For a similar disposition on appeal from a denial of post-conviction relief, see *Commonwealth v. Littlejohn*, 433 Pa. 336, 250 A. 2d 811 (1969).

tective said that he had looked up their criminal records before swearing out a complaint, and appellants' counsel concedes that they had records, there is no indication in the record before us that appellants' records of prior convictions were introduced into evidence either before the magistrate or upon hearing de novo. Indeed, the Commonwealth makes much of the fact that "the magistrate properly held appellants without regard to their criminal records" and that "the only evidence of a criminal record was elicited by appellants' counsel during his examination of [the detective at the hearing de novo] and again in arguing to the lower court." Even conceding that appellants had records, there is no evidence that their crimes were frequent or of a type that would elevate them to the status of "professional thieves."[2]

As this court has often emphasized, however, "[t]he gravamen of the offense consists not of being a professional thief, burglar, or pickpocket, *but of frequenting or attending any place for an unlawful purpose;* . . ." *Commonwealth v. Bey*, 150 Pa. Superior Ct. 93, 95, 27 A. 2d 457, 459 (1942) (Emphasis added); *Commonwealth v. DeCarlo*, 211 Pa. Superior Ct. 52, 233 A. 2d 611 (1967). Clearly the statute requires that attendance at a place for an unlawful purpose be proven by "sufficient testimony." It is also clear that the burden is on the Commonwealth to prove the elements of a summary criminal offense beyond a reasonable doubt. *Commonwealth v. Vink*, 193 Pa. Superior Ct. 154, 164 A. 2d 25 (1960); *Commonwealth v. Price*, 45 Pa. Superior Ct. 643 (1911). Viewed in its most favorable light, the Commonwealth's evidence of unlawful purpose showed that a "flim-flam artist" was

---

[2] Compare *Commonwealth v. Knight*, 49 Del. 37 (Q.S. Pa. 1961), in which the defendant had a record of 70 arrests for pickpocketing.

operating in West Philadelphia, that the artist had a West Indian accent, and that appellants, one of whom had a West Indian accent, had several rolls of fake money in their possession. Although these facts might have made the officers suspicious, they were not enough to prove attendance for an unlawful purpose at the place where the appellants were apprehended. Something else was required, such as an overt act tending to show the unlawful purpose. Some type of overt conduct has been present in most of the cases supporting convictions under this statute.[3] Even the surmised victim Holloway's testimony, as offered by the Commonwealth, failed to supply any evidence of an act tending to show unlawful purpose.

Although we do not reach the issue, we are aware of the grave constitutional problems regarding criminal sanctions for "status offenses." See *Commonwealth v. DeCarlo*, supra, and authorities there cited. We hold only that, under the Professional Thieves Act, no reasonable inference of "attendance at any place for an unlawful purpose" can be drawn from the facts in the record before us. The evidence is insufficient, as a matter of law, to make out the statutory offense.

Orders reversed and defendants discharged.

WRIGHT, P. J., and WATKINS, J., would affirm the orders below.

---

[3] See, e.g., *Commonwealth v. Bey*, 150 Pa. Superior Ct. 93, 27 A. 2d 457 (1942) (jostled passengers in a crowded trolley car for purpose of pickpocketing) ; *Commonwealth v. Oliver*, 152 Pa. Superior Ct. 263, 31 A. 2d 588 (1943) (attempted to pickpocket an unknown person and fled) ; *Commonwealth v. Cohen*, 143 Pa. Superior Ct. 326, 18 A. 2d 126 (1941) (jostled customers in crowded store for purpose of pickpocketing).