Howard J. Short, Appellant, v. Board of the School District of Upper Moreland Township.

Argued December 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

504

*Warren H. Cogswell,* for appellant.

*Elmer L. Menges,* and with him *J. William Ditter,* for appellee.

OPINION BY PARKER, J., April 17, 1933:

The petitioner in this action has attempted to raise a question as to the right of a board of school directors of a township in this Commonwealth to collect a per capita tax from federal employees. Howard J. Short, the appellant, presented to the court of common pleas of Montgomery County, on the law side, a petition alleging (1) that at the time the petition was presented he was a resident of Upper Moreland Township, Montgomery County, and a federal employee of the Willow Grove Post Office; (2) that the board of the school district of Upper Moreland Township is composed of five persons named; (3) that the said board "have refused and persist in refusing to exempt federal employees from payment of the personal school tax;" and concluded with a prayer stating that he needed equitable relief and prayed the court "for a rule on the Board of the School District of Upper Moreland Township to show cause why they should not exempt federal employees from payment of the *personal* school tax." The secretary of the school board, on its behalf, made answer admitting the first two averments above referred to, and further replied that they had refused

to exonerate the tax collector of said district from the collection of the *per capita* school tax which was levied by the board against all residents of said district over 21 years of age, adding that they had exempted federal employees within the district from the payment of any occupation tax that had been levied by the board. To this answer, the plaintiff replied that by a personal school tax he meant the tax levied by Act of May 11, 1921, P. L. 512, and denied that the board had exempted federal employees from the payment of any tax, by whatever name called.

The rule should not have been granted, and it was properly discharged. "In other words, a rule is not properly original process in any case, but is auxiliary, and for the facilitating of jurisdiction already acquired": Mitchell Motions and Rules, p. 3. The learned author in the same work points out that by statute a rule to show cause is sometimes authorized to be used as an original process; for example, a rule by one in possession of land against a person claiming title to bring an action of ejectment, and rules with relation to sheriffs' interpleaders. We know of no statute authorizing a rule to show cause as an original process in a case of this kind.

An examination of the substance of the petition shows an additional reason for discharging the rule. It will be observed that the petition and answer taken together amount to nothing more than a stipulation that the board of school directors of the school district of Upper Moreland Township at some time have refused to exempt federal employees from the payment of a per capita tax levied by virtue of the Act of May 11, 1921. It does not appear that any tax has, in fact, been assessed against any federal employee in that township, or that at the time of the assessment or the levy of any tax the petitioner or any other federal employee resided in the district.

Neither does it appear for what year a per capita tax was levied, whether any tax that may have been assessed and levied was paid, or how the petitioner or any other federal employee would be affected by anything that the board may have done. An actual controversy is not disclosed, and the question raised is purely academic. The lower court properly discharged the rule.

The order of the lower court is affirmed.