## Commonwealth v. Fisher

*E. Arnold Forest*, for petitioner.

*Elmer L. Menges*, assistant district attorney, contra.

CORSON, J., October 18, 1934.—On May 25, 1934, the above defendant, and the petitioner in the petition upon which the present rule was granted, pleaded guilty to keeping a gaming house and was sentenced to pay a fine of $150 and to serve 10 days in the county jail.

It would appear from the evidence heard upon the plea of guilty that the defendant had been maintaining, in connection with his place of business, four slot machines. In these slot machines at the time of their seizure were various amounts of money. The amounts of such money do not appear anywhere, either in the proceedings at the time of the plea of guilty or in connection with the present petition and rule.

It may be inferred from the testimony as to the nature of these slot machines that a certain amount of money had to be put into the machines so that there might be some money to pay in the event that any person playing the slot machines should be fortunate enough to win. There is no testimony as to how much money the petitioner placed in the slot machines. There was testimony, however, to the effect that these machines were played by patrons of petitioner's place of business, and it is a fair inference that considerable money belonging to such players was in the slot machines at the time of their seizure.

The defendant in the criminal proceedings now petitions this court for a rule upon the district attorney to show cause why the moneys in such slot machines at the time of their seizure by county detectives should not be returned to him. It would appear that the devices (admittedly gambling devices under the testimony of the defendant himself) were the sole property of the petitioner at the time of their seizure. Admittedly, these machines are contraband, and the petitioner does not contend that they should be returned to him.

What right has the defendant petitioner to the money in these slot machines? It is the feeling of this court that he has no right whatever to recover from the district attorney any of this money, for the following reasons:

1. The gambling devices were admittedly incomplete and could not be used for gambling until the defendant had placed certain amounts of money in the proper place in said machines. When the defendant placed his money in such gambling device, he made that money part of the device.

2. Assuming our first reason to be incorrect, there is nothing before us to show which part of the moneys was put in by the defendant and which part was put in by players. The defendant, we feel, would have no property right in the money played upon and lost in the machine. At least, the defendant's right to such moneys would be no better than the rights of the district attorney, in whose possession such moneys now are. By making the present rule absolute, this court would be in effect aiding a gambler to obtain his winnings. The district attorney had a perfect right to seize all the moneys in the slot machines as evidence in connection with the crime laid against the defendant. The moneys therefore properly came into his possession, and, to justify this court in ordering their transfer from him to the petitioner in this case, such petitioner must show that he has the legal right to possession of, and a legal title to, such moneys. This the defendant has failed to do, and his petition must be dismissed upon the merits.

The third reason why the rule must be discharged is that we feel that this court has no jurisdiction to make the order prayed for because a rule of this kind is not such original process as would justify the entry of the order asked: See Short v. Board of School District of Upper Moreland Township, 108 Pa. Superior Ct. 503.

And now, October 18, 1934, for the reasons given in the foregoing opinion, the rule upon the district attorney to show cause why the money contained in the gambling devices should not be given over to the petitioner is discharged. An exception is allowed to the petitioner.

From Aaron S. Swartz, Jr., Norristown, Pa.