## In re Pearson Holding Company

220

*Fox & McTighe*, for petitioner.
*George Wanger*, contra.

DANNEHOWER, J., April 10, 1935.—This case comes before the court on plaintiff's petition whereon a rule was granted upon the county commissioners and controller to show cause why county, township and school taxes paid the county commissioners under a mutual mistake of fact should not be repaid. The county commissioners filed no answer after having been served, but the controller in his answer admits the receipt of the money, avers his willingness to repay the county tax, but avers that the township and school taxes had been paid out by the county to the municipalities entitled to them, before the institution of these proceedings.

The court heard oral argument upon the petition and answer, which disclose the following facts:

Fred Pearson and Company were the owners of a bond and mortgage in the principal sum of $20,000 given by J. Howard Mecke, Jr. upon certain real estate located on Swedesford Road, Upper Merion Township, Montgomery County, Pa.

Judgment was entered on the bond and marked to the use of the plaintiff. A writ of fi. fa. (real estate) was

issued, and at the sheriff's sale on January 31, 1934, the plaintiff on the writ, the petitioner in this proceeding, purchased said real estate for $92.53. In the foreclosure proceedings the Commissioners of Montgomery County filed a tax lien with the sheriff for 1931 and 1932 taxes against said real estate. The tax lien described the property "Swedesford Road" and read as follows:

"1931-32 Liens    Upper Merion    148 Nov. 33    39

| | | County | Twp. | School | Total |
|---|---|---|---|---|---|
| 1931 J. Howard Mecke | Swedesford Rd. | 3.00 | 8.00 | 18.00 | 29.00 |
| 1932 J. Howard Mecke | Swedesford Rd. | 3.15 | 6.56 | 18.90 | 28.61 |

|  |  |
|---|---|
|  | $57.61 |
| Pen. | 1.45 |
| int. | 4.64 |
|  | $63.70 |

COMMISSIONERS OF MONTGOMERY COUNTY
Wm. D. Ridgway
H. Stanley Drake
Grover C. Albright

4-180
8              Feb. 39
Jan. 23, 1934"

The petitioner, believing that said bill was a valid tax lien on this property, as represented by the commissioners, paid it. Subsequently the tax collector of Upper Merion Township certified to the county commissioners that these taxes constituted liens on an entirely different property "on Swedesford Road" owned by J. Howard Mecke, Jr., the mortgagor, and, therefore, the liens filed and taxes collected theron were in error. The petitioner thereupon made an application to the county commissioners for a refund, which was refused.

The Act of May 29, 1931, P. L. 280, sec. 1, 72 PS §5971-*a*, provides as follows:

"From and after the passage of this act, it shall be the duty of each receiver or collector of any county, city, borough, town, township, school district or poor district taxes, to make a return to the county commissioners of such taxes which are assessed and levied on seated lands, and which are unpaid, and for which no liens have been filed, not later than the first Monday of May, in the year succeeding the year in which the respective taxes were assessed and levied, filing therewith a description of said real estate by adjoiners, or otherwise, sufficient to identify said land with name of the owner or reputed owner against whom such taxes were assessed and levied, and the amounts of taxes unpaid, and the year during which the said taxes were assessed or levied. In addition to penalties under existing laws, interest at the rate of six per centum per annum shall be added, beginning on the first day of May, of the year following the levy and assessment of such tax, until such taxes are paid or the seated lands responsible therefor are sold as hereinafter provided."

In accordance with the above act, the township tax collector made his return to the county commissioners, who filed the tax lien. Since the mortgagor, J. Howard Mecke, Jr., owned other real estate on Swedesford Road, the description of the real estate in the tax lien was "not by adjoiners or otherwise sufficient to identify said land"; and plaintiff could have taken advantage of that insufficient description, which it failed to do. Plaintiff likewise was at fault in not being put upon inquiry when the county, school and township taxes for two years, together with penalties thereon, amounted to only $63.70 upon real estate subject to a $20,000 mortgage. In other words, the small amount of taxes due for 2 years on valuable real estate should have been sufficient to cause plaintiff to inquire and question the identity of the real estate, before paying the taxes.

Section 2 of the Act of 1931, 72 PS §5971-*b*, provides in part as follows: "Upon receipt of such returns, the

county commissioners shall enter upon a docket, to be styled Tax Return Docket, the returns so made, with a description of the said lands, which return and entry shall constitute a lien on such lands."

Section 3 of the same act, 72 PS §5971-c, provides as follows: "After the receipt of such returns and recording thereof upon the said docket, the county commissioners shall certify said returns . . . to the county treasurer, who is authorized and empowered to receive and collect the same, and who . . . shall keep a record of all taxes received or collected by him, and pay over and distribute the same, less the costs and charges to which he may be entitled, to the proper parties entitled to receive the same, for the uses and purposes for which such taxes were assessed or levied".

Therefore, under these provisions, it becomes the duty of the county commissioners to file the liens and certify them to the county treasurer, who is solely authorized and empowered to receive and collect, pay over and distribute the same to the proper parties entitled to receive the same. In the present case, the county treasurer received the county, school and township taxes. The county tax remains in the county treasury, but the township and school taxes were paid over to the proper municipalities of Upper Merion Township before the institution of these proceedings, and are no longer in the county treasury. It is generally held that an action may be maintained against a county or other municipal corporation, for the recovery of taxes illegally exacted, only while the fund so raised remains in the possession of the defendant. We are also familiar with the well-known principle that in the absence of statutory authority, "where taxes have been voluntarily paid to the public authorities without any duress or threats or misstatements by any public officer, and without any protest by the party paying them or notice of an intention to reclaim any part of the sum paid, such taxes cannot be recovered back": Shenango Furnace Co. v. Fairfield Twp., 229 Pa. 357.

These principles of law indicate that the taxes so paid could not be recovered. The petitioner, however, contends that it is entitled to a refund of the taxes erroneously paid, by virtue of the Act of May 8, 1929, P. L. 1656, sec. 1, 72 PS §5566, which provides as follows:

"Whenever hereafter any person or corporation of this Commonwealth has erroneously or inadvertently paid or caused to be paid into a county treasury, directly or indirectly, any tax or taxes on real or personal property, under an assumption that such taxes were due and owing, when in fact such taxes or a part thereof were not due and owing to the county, then in such cases the county commissioners, upon due proof of any such erroneous or inadvertent tax payments, are hereby authorized to draw their warrant on the county treasurer, in favor of such person or corporation, to make refund of such tax or taxes to which the county has no valid claim, out of the county funds."

It should be borne in mind that the township and school taxes were assessed by the local authorities. The liens for them were filed for their benefit. The county treasurer, in his official capacity, collected these taxes and distributed them to the township and school authorities, prior to the institution of these proceedings. While the act does specify "any tax or taxes due and owing the county", nevertheless, it later limits those taxes by the expression "to which the county has no valid claim". In the instant case, the county has no valid claim to the township and school taxes, but was collecting them for those municipalities. Futhermore, the act requires the refund to be made "out of county funds". We therefore believe that this act should be strictly construed and be limited to taxes "to which the county has no valid claim", and should not be construed to include taxes collected by the county for the various municipalities, when such taxes have been distributed by the county before notice of any claim.

However, there is another controlling reason why the

refund cannot be granted. Petitioner has proceeded by rule to which an answer has been filed. A rule is not original process. "In the absence of a statute authorizing the use of a rule to show cause, such rule should not be used as an original process. A rule is an auxiliary process and is used for the facilitating of jurisdiction already acquired": Short v. Board of the School District of Upper Moreland Twp., 108 Pa. Superior Ct. 503. Petitioner should have brought an action in assumpsit.

And now, April 10, 1935, for the foregoing reasons, the rule to show cause why a refund of taxes should not be made to petitioner is hereby discharged.

From Aaron S. Swartz, Jr., Norristown.