## Commonwealth, Appellant, *v.* Stofchek.

Argued April 22, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas I. Guerin,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *James W. Hawkins,* District Attorney, for appellant.

*W. Robert Thompson,* with him *Challen W. Waychoff,* of *Waychoff & Thompson,* for appellee.

OPINION BY BALDRIGE, J., July 18, 1935:

An indictment was found against the defendant, charging him with the unlawful keeping and possession of liquor. The indictment was drawn under section 602 (b) of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15 (Special Session) (47 PS §744-602), which reads as follows:

"It shall be unlawful for any person, except a manufacturer, or the board, or the holder of a sacramental wine permit or of an importer's license, to keep any liquor within this Commonwealth which was not lawfully acquired prior to January first, one thousand nine hundred and thirty-four, or has not been purchased from a Pennsylvania Liquor Store."

The learned court below sustained defendant's motion to quash the indictment, on the ground that the Act of 1933 does not give notice, by its title, that the possession or keeping of liquor, under certain circumstances, is illegal, and that, therefore, the section quoted is in violation of article 3, §3, of the Constitution of Pennsylvania, which provides that no bill shall be passed containing more than one subject, which

shall be clearly expressed in its title. This constitutional provision was intended to prohibit the practice of passing what was known as "omnibus" bills, containing subjects foreign to each other and titles which were misleading, as they did not give any hint of the subject-matter embraced therein.

The predominating purpose of the Liquor Control Act, as expressed in its title,* is to regulate and restrain the sale, importation and use of certain alcoholic beverages. Any person reading that portion of the title would be put on notice at once of an intent to deal broadly with the subject of liquor, and any provision that is germane to that general subject is within the scope of the title. A title will not be held to be insufficient, unless a substantive matter, entirely disconnected, is included in the bill: In re: Soldiers' and Sailors' Memorial Bridge, 308 Pa. 487, 162 A. 309.

To give effect to this general aim, the title gives notice that certain powers are conferred on the Liquor Control Board and others; authorizes the establishment and operation of lawful agencies for the sale of liquor within the state; forbids the importation of liquor into the state, except as provided by the act; and prohibits certain sales or practices in, connections with, and transactions in such beverages by licensees

---

*"To regulate and restrain the sale, importation, and use of certain alcoholic beverages; conferring powers and imposing duties upon the Pennsylvania Liquor Control Board, the Department of Public Instruction, other officers of the State government, courts, and district attorneys; authorizing the establishment and operation of State Stores for the sale of such beverages not for consumption on the premises, and the granting of licenses, subject to local option, to sell such beverages for consumption on the premises; forbidding importation or bringing of such beverages into the State except as herein provided; prohibiting certain sales or practices in, connections with, and transactions in such beverages by licensees and others; making disposition of the receipts from State Stores and of license fees; and imposing penalties."

and others. The subsequent specifications of powers, etc., do not limit the scope of, nor do they tend to mislead as to, the general intent of the act: Sugar Notch Boro., 192 Pa. 349, 353, 43 A. 985. The courts, when possible, sustain the constitutionality of legislation, and uniformly recognize that the function of the title is but to give such a fair notice of the subject of the act as to reasonably lead to an investigation of its provisions: Constitutional Defense League v. Waters, 309 Pa. 545, 164 A. 613; Com. ex rel. White v. Miller, 313 Pa. 140, 169 A. 436; Mallinger v. Pgh., 316 Pa. 257, 175 A. 525.

Bearing in mind the well-known general principles applicable in determining the sufficiency of a title of an act of assembly, can it be said that the title of this act does not give notice to an inquiring mind that the keeping or possessing of liquor, not lawfully acquired, is an offense? In order to regulate and restrain the use of liquor, it was deemed necessary to prohibit the keeping, or, in other words, the retaining or possessing, of any unlawfully acquired. The word "use," as it appears in the title, should be construed in a comprehensive sense, embracing not only the consumption, using up, acquiring, storing, but also the keeping or possessing, of liquor. The Oxford dictionary and Dr. March's Thesaurus of the English Language give "handle" as a synonym of "use," and it is in the sense of handling, which necessarily implies possession, that the word is used. We do not entertain any doubt that the keeping or possessing of liquor comes within the general purpose as expressed in the title of the act.

The learned court below relied largely on Guppy v. Moltrup, 281 Pa. 343, 126 A. 766, and Com. v. Barbono, 56 Pa. Superior Ct. 637. We are of the opinion that those cases are readily distinguishable from the case at bar, as the titles of the Acts of May 19, 1915, P. L. 543, and June 15, 1911, P. L. 975, which were there

under consideration, are essentially different in form from the title of the act we have been discussing.

The appellee contends that the Legislature of Pennsylvania does not have the authority to prohibit the possession or ownership of intoxicating liquor, under art. 1, §1, of the Constitution, which provides: "All men ...... have certain inherent and indefeasible rights, among which are ...... acquiring, possessing and protecting property ......" By referring to section 3 of the act under consideration (47 PS §744-3), we find: "(a) This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth, and to prohibit forever the open saloon; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose." Former Chief Justice TAFT, in the case of Samuel v. McCurdy, 267 U. S. 188, 69 L. ed. 568, stated: "Legislation making possession unlawful is therefore within the police power of the states as a reasonable mode of reducing the evils of drunkenness." We think there can be no serious question that all matters relating to the sale, possession, etc., of liquor properly come within police power, and that the legislation on this subject is not an infraction of our constitutional provisions.

Order of the lower court is reversed, with a procedendo.