Commonwealth, Appellant, *v.* One Studebaker Sedan.

Argued March 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ.

198

*Horace A. Segelbaum,* Deputy Attorney General, with him *Peter P. Jurchak,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*Louis Shaffer,* for appellee.

OPINION BY KELLER, P. J., June 24, 1940:

On July 11, 1939, enforcement officers of the Pennsylvania Liquor Control Board seized the automobile involved in this case, while it was in the possession of one John S. Metar. At the time of the seizure, the vehicle contained four five-gallon cans of illegal alcohol. These facts are admitted by the appellee.

Proceedings for forfeiture of the automobile were begun by the Board under section 611 of the Act of June 16, 1937, P. L. 1762, 47 PS §744-611, and service on John S. Metar was had on September 21, 1939. The Associates Discount Corporation filed a petition asking leave to intervene and alleging, inter alia, that it was the owner of the vehicle; that John S. Metar had possession of the car under a bailment lease; and that the unlawful use was without its knowledge or consent. After a hearing before the court without a jury, the Board was ordered to surrender the vehicle to the Associates Discount Corporation, for the reason that the vehicle's illegal use was without its knowledge or consent, and forfeiture would therefore be "an unfair and unjust deprivation of an innocent claimant's property." The Board appealed. The judgment must be reversed.

The statute now in force relative to the forfeiture of

vehicles used in the illegal transportation of liquor, alcohol, and malt or brewed beverages—Act of June 16, 1937, P. L. 1762, sec. 611—is much stricter and more stringent in the forfeiture of property so unlawfully used than were the statutes which it amended and succeeded.[1]   It now provides, inter alia, in paragraph (d) : "(5) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (I) that he is the owner of said property, (II) that he lawfully acquired the same, *and* (III) that it was not unlawfully used or possessed. *In the event* such claimant shall prove by competent evidence to the satisfaction of the court that said liquor, alcohol ...... vehicle ...... was lawfully acquired, possessed and used, then the court may order the same returned or delivered to the claimant; but if it appears that the property was unlawfully used it shall be destroyed or turned over to the board (as the case may be) as hereinabove provided."

The provisions in the prior statutes on the subject, that the court might order the vehicle, so unlawfully used in the illegal transportation of liquor, alcohol, etc., returned to the claimant, if he proved his ownership of or right to possession of the vehicle and that the unlawful use of the vehicle was by a person other than the claimant and was without his (the claimant's) knowledge or consent, or that following a sale of the condemned vehicle, the claim of an innocent bailor of the property, for money due him under said bailment lease, who proved that the unlawful use for which it was seized was without his knowledge or consent, should attach to and be paid out of the funds derived from the sale, have been struck out of the present act, and the

---

[1] Act of July 18, 1935, P. L. 1246 (sec. 611); amending Act of November 29, 1933 (P. L. 1933-34, p. 15). See also Act of March 27, 1923, P. L. 34, sec. 11.

court is now *required* to order the destruction or delivery of the property to the board, if, on the hearing, it appears that the property was unlawfully used when seized. The only escape from a forfeiture, is for the claimant to prove by competent evidence to the satisfaction of the court that the said vehicle was *lawfully acquired, possessed and used,* when seized by the enforcement officer. The former exception in favor of innocent bailment lessors was intentionally omitted by the legislature in the careful revision of section 611 in the 1937 Act. This was a proper exercise of legislative power. See *Com. v. One Chrysler Coupe,* 101 Pa. Superior Ct. 160, 162; *Com. v. One Studebaker Coupe,* 86 Pa. Superior Ct. 532, 535. The 1937 Act took away any and all rights of a bailor in the proceeds of sale of the seized property, by the deletion of most of section 611(b) (3), and the right to have the property returned, by the amendments to section 611(d) (5) and (6). The duty of declaring a forfeiture and condemnation is now mandatory on the court, unless the unlawful use of the vehicle, shown by the Commonwealth, is disproved by the claimant by competent evidence, to the satisfaction of the court.

The appellee has not borne the burden of proving that the vehicle "was not unlawfully used", and therefore can not prevail. Section 611(a) of the 1937 Act provides: "No property rights shall exist in any ...... vehicle ...... used in the ...... illegal transportation of liquor, alcohol, malt or brewed beverages, and the same shall be deemed contraband and shall be forfeited to the Commonwealth."

In spite of the mandatory "shall" in 611(a), and of our decisions above, and of the deletion of the former exception in favor of bailment lessors, counsel for claimant insists that the trial court may, in its discretion, order the vehicle returned to it. Authority for this is claimed to be found in the clause "unless the court shall otherwise order", in section 611(b), which provides:

"(b) If, upon petition as hereinafter provided and hearing before the court of quarter sessions, it appears that any liquor, alcohol or malt or brewed beverage was so illegally possessed, or property so used in the illegal manufacture or transportation of liquor, alcohol or malt or brewed beverage, such liquor, alcohol, malt or brewed beverage or property shall be adjudged forfeited and condemned, and shall be disposed of as hereinafter provided, unless the court shall otherwise order."

The construction argued for would wholly nullify the 1937 changes in section 611, because even under the 1935 act the return of the property to the claimant was not mandatory. See *Com. v. One Ford Truck*, 85 Pa. Superior Ct. 188, 197, construing the 1923 act. Aside from this, it is clear that the clause relied on modifies only the clause immediately preceding it, and relates to the *disposal* of the property *after forfeiture*. As to this, the court clearly has some discretion in the case of seized and condemned *intoxicants*. See Section 611(b) (1) and (2), giving the court power to order delivery of seized intoxicants to a hospital for its use instead of ordering its destruction. It is extremely significant that section 611(b) (1), conferring discretion as to the disposal of *intoxicants*, contains the clause, "Except that any vehicle ...... *seized* under the provisions of this act *shall* be disposed of as *hereinafter provided*." (Italics supplied). Section 611(d) (5) provides in part, "but, if it appears that the property was unlawfully used it *shall* be destroyed or be turned over to the board (as the case may be) as hereinabove provided." (Italics supplied). These specific [2] mandatory clauses following [3] the general clause relied

---

[2] See *Kolb v. Reformed Episcopal Church*, 18 Pa. Superior Ct. 477, 481; *Waits' Estate*, 336 Pa. 151, 154, 7 A. 2d 329; *Com. ex rel. Raker v. Kline*, 294 Pa. 562, 567, 144 A. 750.

[3] See *Packer v. Sunbury & Erie R. R. Co.*, 19 Pa. 211, 219; Statutory Construction Act of 1937 (Act of May 28, 1937, P. L. 1019), sec. 64.

on by the claimant clearly show the invalidity of its argument.

It is clear that the act makes the forfeiture and condemnation of the vehicle here in question mandatory on the court. But the claimant contends that the act is therefore unconstitutional as it deprives it of property without due process of law. It is a late date in the history of our law to complain of the unconstitutionality of a statute passed in the exercise of a proper power (here the police power: *Com. v. Stofchek*, 118 Pa. Superior Ct. 412, 416, 180 A. 84, affirmed 322 Pa. 513, 185 A. 840; *Com. v. One Dodge Motor Truck*, 123 Pa. Superior Ct. 311, 326, 187 A. 461, affirmed 326 Pa. 120, 191 A. 590) and providing for forfeiture of specific property unlawfully used. See *Com. v. Patsone*, 231 Pa. 46, 79 A. 928, affirmed sub nom. *Patsone v. Pennsylvania*, 232 U. S. 138. Such statutes have long been upheld whether or not the unlawful use was known or authorized by the owner. See *United States v. Brig Malek Adhel*, 2 How. 210, 233, 234; *Dobbins' Distillery v. United States*, 96 U. S. 395; *Goldsmith-Grant Co. v. United States*, 254 U. S. 505, 509-513; *Com. v. One Chrysler Coupe*, 101 Pa. Superior Ct. 160, 162, 163, affirmed 304 Pa. 253, 155 A. 605. Counsel for the claimant predicts dire consequences to innocent finance companies as a result of our holding. The same arguments were presented and considered in the Goldsmith-Grant case, above, and there disposed of (page 512), in a case where the due process clause of the Fifth Amendment was invoked. The argument based on the equal protection phase of the Fourteenth Amendment has no merit, as this foreign corporation is treated no differently under the act than are domestic corporations.

If this Commonwealth, in the exercise of its police power, deems it necessary to forfeit and condemn as contraband all vehicles unlawfully used in the illegal transportation of intoxicating liquors it has the power and the right to do so. The probable effect will be to

make bailors more careful in the selection of persons to whom they deliver their cars on bailment lease, and the result will be helpful in the enforcement of the law.

The order is reversed and the record is remitted to the court below with directions to enter an order that the automobile in question be returned to the board to be disposed of according to law. Costs to be paid by appellee.