Schuettler *v.* Maurer, et al., Appellants.

Submitted March 13, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*G. Harold Watkins, Walter G. Treibly, Edgar Downey* and *Arthur E. Ricchiuti,* for appellants.

*P. B. Rhoads,* for appellee.

OPINION BY HIRT, J., April 23, 1946:

The question in this appeal is whether a quarter sessions court has jurisdiction to try title to $2,500 after it came into the hands of the county treasurer and was deposited by him in the general fund to the credit of the county, on the bare petition of one claiming ownership. This jurisdictional question was properly raised by defendants in the court below under the Act of March 5, 1925, P. L. 23, 12 PS 672, 673. An order adverse to the defendants, on this preliminary question, gives rise to this appeal.

The proceeding originated in plaintiff's petition, in which he averred: that state police officers raided 116 East Race Street in Pottsville on July 13, 1935, and took $2,500 from the pocket of petitioner's coat then hanging on the wall of one of the rooms on the premises; that the money taken is now in the treasury of Schuylkill County. Averring that the money taken was his, petitioner prayed for its return to him. On these, the only facts averred, the quarter sessions court was without authority to take jurisdiction of the question when raised on petition and rule as original process. Unless authorized by statute, "a rule is not properly original process in any case, but is auxiliary, and for the facilitating of jurisdiction already acquired." *Short v. Board of Sch. Dist.*, 108 Pa. Superior Ct. 503, 165 A. 669; 2 Standard Pa. Practice, Motions and Rules, §22.

We reach the same conclusion if we go outside the record, as did the lower court, and assume that the fund was seized in a raid on a gambling house. Money is subject to seizure, along with gambling devices if it is an integral part of the illegal gambling operation when seized. *Rosen v. Supt. Police Le Strange*, 120 Pa. Superior Ct. 59, 181 A. 797. When gambling paraphernalia are seized, it becomes the duty of the confiscating officer to make a return in writing to the quarter sessions court setting forth a description of the gambling device or apparatus and the circumstances under which the seizure

was made, and as to money (under the ruling of the Rosen case) that it, when seized, was in play or held as the stake to pay winners, or was otherwise earmarked or segregated so as to be identified as part of the gambling operation. Section 60 of the Penal Code of March 31, 1860, P. L. 382, 18 PS 1445. That section and the following section, 61, 18 PS 1446, were not repealed by the Penal Code of June 24, 1939, P. L. 872. *Urban's Appeal,* 148 Pa. Superior Ct. 101, 24 A. 2d 756. Section 61 provides that no writ of replevin shall issue "nor shall any action be instituted for or on account of such seizure, until the court shall have first adjudicated upon the premises". The statutory procedure, indicated by the two sections of the Act of 1860 was intended to be exclusive to determine the legality of such seizure, as outlaw property, so long as the devices and money remained in the hands of the officer who seized it, or the district attorney, or the clerk of court, or otherwise in custody of law subject to the control of the quarter sessions court. The act is not explicit as to the practice in raising the issue nor the method of securing a hearing by the court. The proceeding, however, is in rem and the prior conviction of the owner on a charge of setting up a gambling device is not essential. *Commonwealth v. Kaiser,* 80 Pa. Superior Ct. 26. The issue may be raised on petition of the district attorney, or of a police or other officer, for an order of forfeiture of money and the destruction of gambling devices (*Mills Novelty Company's Appeal,* 316 Pa. 449, 175 A. 548) or on petition of an owner seeking to recover possession of his property which had been seized. *Rosen v. Supt. Police Le Strange,* supra. But however raised, the quarter sessions has jurisdiction to decide the issue only so long as the property remains in custody of the law.

Here, there is nothing in the record to indicate that the quarter sessions ever had control of the fund. Claimant's petition does not aver a return made to that court, by the officer who seized it, or any other fact from which

jurisdiction can be inferred. Under the circumstances, claimant, in seeking to recover the money from the county treasury is relegated to an action at law. Cf. *Fairmount Eng. Co. v. Montg. Co.,* 135 Pa. Superior Ct. 367, 5 A. 2d 419. But the fact that the quarter sessions has not adjudicated the question of forfeiture, will not prevent another court from determining the legality of the seizure in any proceeding, properly before it, to which that issue may be relevant. In an action at law which may be brought by claimant, proof that the money involved was an integral part of a gambling operation, will be a good defense barring recovery by him.

Order reversed without prejudice.