Opinion by
 

 Hirt, J.,
 

 This case came before the lower court on the defendants’ appeals from summary convictions by a Justice of the Peace. The information charged that they “wilfully and unlawfully did assist in killing of a deer through the use of an artificial light” in violation of §701 of The Game Law of June 3, 1937, P. L. 1225, as amended by the Act of June 21, 1939, P. L. 810, 31 PS §1311.701. After hearing de novo, the court found all of the defendants guilty and sentenced each of them to pay a fine of $100 for the use of the Pennsylvania Game Commission. In addition, an order of forfeiture of the gun, the artificial light, and the Cadillac automobile used in violation of the Act, was entered by the sentencing judge. In each of the appeals of the defendants to this Court, DeAngeiis Brothers, who held title to the Cadillac automobile, under a conditional sales agreement, were allowed to intervene for the purpose of con
 
 *289
 
 testing the validity of the order of forfeiture of the car. By agreement of all parties the automobile was sold and the fund was turned over to the State Treasurer for ultimate disposition in accordance with the decision of this Court.
 

 Section 704(a) with subsection (e) provides that it is unlawful “to make use of, or take advantage of, any artificial light, battery, or other contrivance or device . . .” in hunting for or killing any wild animal, with certain stated exceptions not applicable here. The trial in the lower court was thorough, and the voluminous testimony supports the conviction of the defendants of violation of the above section of the Act. This the appellants concede, but they seek to set aside the judgment of guilt and the sentences on other grounds.
 

 There is no merit in appellants’ contentions that the information did not sufficiently charge a violation of the Act. The technical accuracy necessary to an indictment is not essential in an information.
 
 Commonwealth v. Spallone,
 
 154 Pa. Superior Ct. 282, 35 A. 2d 727;
 
 Commonwealth v. Ginsberg,
 
 143 Pa. Superior Ct. 317, 18 A. 2d 121. Moreover, the fact that the transcript of the justice may have been prepared by a member of the Pennsylvania Game Commission did not nullify the proceeding, as appellants contend. These questions might have been raised in the common pleas on certiorari which would have brought up every part of the record, including the complaint, but since the defendants elected to proceed by appeal they thereby waived all mere technical errors in the proceedings .of the justice which did not go to the question of jurisdiction.
 
 Com. v. Scott-Powell Dairies,
 
 128 Pa. Superior Ct. 598, 194 A. 684;
 
 Steward v. Renner,
 
 87 Pa. Superior Ct. 411.
 

 At the trial it was established that a spot light, plugged into the cigarette lighter of the car driven by one of the defendants, was used by them in hunting
 
 *290
 
 for and locating a deer at the roadside. And it was contended that a bullet removed from a dead deer a few hours later, had been fired from a 7 millimeter Mauser rifle found near the scene of the shooting which had been thrown from the automobile used by the defendants. Lieutenant Whitecotton of the Pennsylvania State Police qualified as an expert in the field of ballistics as applied to small arms and ammunition. He testified that he fired two test shots from the rifle and recovered the bullets in cotton waste. Prom an examination of the markings on each of these, in relation to the bullet recovered from the deer, by means of a comparison microscope, it was his positive opinion that all had been discharged from the rifle in evidence. Only one photograph however was taken through the microscope, showing the comparison. On cross-examination, the witness was asked: “Lieutenant, will you admit that one test bullet is not sufficient and conclusive to prove a comparison with Exhibit No. 6?” (the bullet from the dead deer); his answer was “Yes, sir.” At the close of defendants’ proofs this witness was recalled by the Commonwealth and over the objection of the defendants was permitted to testify that his answer to the above question either was an error in reporting or the result of a misunderstanding of the question. He corrected his testimony by submitting “no” as his answer. A trial judge may properly permit a plaintiff who has rested, to reopen his case for the purpose of offering additional testimony.
 
 Seaboard Container Corp. v. Rothschild,
 
 359 Pa. 51, 58 A. 2d 800. The order of proof is largely a matter of judicial discretion and a trial court generally will not be chargeable with error in permitting a witness at any stage of the proceeding to correct his testimony previously given. The weight to be given the testimony, when so changed, is for the trier of facts, in this case the trial judge.
 

 There is merit, however, in the appeal of the intervenor from the order of forfeiture of the Cadillac auto
 
 *291
 
 mobile in this case. It is certain that the legislature under the police power may provide for the forfeiture of an automobile used in violation of law, as contraband or outlaw property. And under statutes in which the prescribed proceeding to enforce the forfeiture is
 
 in
 
 rem, the automobile itself is regarded as the offender, and the true owner’s knowledge of, or consent to, or participation in, the acts which constitute grounds for the forfeiture, is not essential. 37 C. J. S., Forfeitures, §5; 23 Am. Jur., Forfeiture and Penalties, § §6 and 7. Thus, the procedure indicated by §§59 and 60 of the Act of March 31, 1860, P. L. 382, 18 PS §§1444, 1445, relating to the forfeiture of gambling implements and devices, is
 
 in rem
 
 and the prior conviction of the owner on a gambling charge is not essential.
 
 Schuettler v.
 
 Maurer, 159 Pa. Superior Ct. 110, 46 A. 2d 586. Devices used for gambling or incapable of lawful use are not. protected by the ordinary laws relating to personal property rights in them.
 
 Commonwealth v. Kaiser,
 
 80 Pa. Superior Ct. 26. Cf.
 
 Rosen v. Supt. Police Le Strange et al.,
 
 120 Pa. Superior Ct. 59, 181 A. 797. So also under §611 of the Act of June 16, 1937, P. L. 1762, 47 PS §744.611, relating to the forfeiture of an automobile used in the illegal transportation of liquor, the proceeding is
 
 in rem.
 
 And the only escape from a forfeiture under that Act is proof by a claimant that the vehicle was lawfully acquired or possessed by him and was lawfully used when seized by the enforcement officer.
 
 Com. v. One Studebaker Sedan,
 
 140 Pa. Superior Ct. 197, 200, 14 A. 2d 198. A vehicle which has been used for the illegal transportation of liquor is subject to forfeiture regardless of the owner’s knowledge of such illegal use.
 
 Com. v. One 1939 Cadillac Sedan et al.,
 
 158 Pa. Superior Ct. 392, 45 A. 2d 406. Cf.
 
 Com. v. Bowers,
 
 304 Pa. 253, 155 A. 605.
 

 On the other hand under statutes, in which the proceeding is
 
 in personam,
 
 i. e., against a wrongdoer to be punished, the consent of the true owner of the property
 
 *292
 
 to the acts constituting grounds for the condemnation, is generally an essential prerequisite to the forfeiture of his interest in the property. Cf. C. J. S., Forfeitures, supra. The forfeiture clause of the Act, with which we are here concerned, is in §731, 34 PS §1311.731, which provides: “Any person violating any of the provisions of the sections of this article [including §704, supra] shall, upon conviction, be
 
 sentenced
 
 to pay the following
 
 fines
 
 and costs of prosecution for each offense: . . . (n) For making use of, or taking advantage of, any vehicle, trailer, conveyance, headlight, or spotlight, or artificial light or battery or other contrivance or device to spot or locate or hunt for, or catch or take or kill or wound, any elk, deer or bear . . . contrary to the provisions of this article, one hundred dollars for each person concerned;
 
 and
 
 the forfeiture of such vehicle, trailer, headlight, spotlight, or other contrivance and ail paraphernalia used.” (Emphasis added.) There can be no doubt that the proceeding under this Act is wholly
 
 in personam
 
 and that the forfeiture of property used in violation of it was intended as an additional penalty to be imposed on a convicted defendant in the action, and none other. It is clear therefore that the title of an innocent owner in the property, superior to that of the defendant, is not affected by an order of forfeiture of the property as a part of the sentence of one convicted of a violation of the Act.
 
 [1]
 

 It has been said that an order of forfeiture, even in a proceeding in rem, is not entitled to respect unless the opportunity has been afforded the owner of the
 
 *293
 
 property or oilier parties interested, to appear and be heard on the charges for which forfeiture is claimed.
 
 Windsor v. McVeigh,
 
 93 U. S. 274. With more reason, an owner of an automobile used in violation of law is not bound by a sentence of forfeiture as to a defendant in an action
 
 in personam
 
 prosecuted without the knowledge of such owner. With notice of the seizure, the intervenors in this case might have established their claim of ownership at the hearing before the justice or in the court below. Since they did not have notice until after the appeals to this Court they are within their rights in raising the question here.
 

 So much of the fund in the State Treasury raised by the sale of the Cadillac automobile in question as represents the interest of the intervenors is directed to be paid to the intervenors. The judgments of sentences in other respects are affirmed.
 

 [1]
 

 Our legislature might liare enacted a statute malting contraband guns and equipment, including automobiles, used in the illegal hunting or taking of game and providing for forfeiture regardless of the ownership of the property. This has been done in other states. Of. Section 107, Chapter 33, Inland Fish and Game Laws of the State of Maine, 1947 Revision, which provides that such property shall be contraband and prescribes an in rem procedure for the forfeiture of property illegally used.