## Commonwealth v. Smith

*Roger B. Reynolds*, assistant district attorney, for Commonwealth.

*Smillie, Bean & Scirica*, for defendant.

FORREST, J., March 28, 1951.—Defendant was charged in an information lodged before one of the justices of the peace of this county, as follows:

"Did unlawfully fail to come to a full stop before entering a main highway where a through traffic stop sign is erected, contrary to the Act of Assembly en-

acted May 1st, 1929 [P. L. 905], as amended June 22, 1931 [P. L. 751], July 16, 1935 [P. L. 1056], June 29, 1937 [P. L. 2329], June 27, 1939 [P. L. 1135] and subsequent amendments thereto."

Upon receipt of a copy of the information defendant advised the justice of the peace that he waived a hearing and sent his check in the amount of $17, all in compliance with section 1204(b) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §734, providing for waiving of hearing:

"Any person charged with violating any of the summary provisions of this act may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the municipal court, in counties wherein such court exists, and thereupon the magistrate shall, within fifteen (15) days, return the information to the said court."

Defendant then filed a motion to quash the information for the reason that:

"The information is insufficient in that it avers merely that the defendant failed 'to come to a full stop before entering a main highway where a through traffic stop sign is erected', without averring in accordance with section 1016A of The Vehicle Code that he failed to do so 'within a reasonable distance.' "

Section 1016(a) provides:

"It shall be unlawful for the driver or operator of any vehicle, street car, or trackless trolley omnibus, except as is otherwise provided in this section, before entering a through highway, to fail to come to a full stop, within a reasonable distance, before entering the intersection on such through highway, when an official "THRU TRAFFIC STOP" sign or signs have been erected in accordance with the provisions of this act."

The question is whether the omission of the words "within a reasonable distance" renders the information defective and invalid. We think not. The main purpose of the information is to advise defendant with what he is charged.

"It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment; if the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient": Commonwealth v. Ginsberg et al., 143 Pa. Superior Ct. 317, 324 (1940).

It may be interesting, but not necessarily significant, that defendant's wife was charged with a violation of the same section several years ago. Mrs. Smith's motion to quash the information, because it did not aver failure to stop "within a reasonable distance", was sustained in Commonwealth v. Smith, 57 D. & C. 396 (1946). As a practical matter, defendant knew the exact nature of the alleged violation. Be that as it may, defendant was "informed in common every day language that he was charged with criminal acts constituting the offense" which is sufficient: Commonwealth v. Miller & Burke, 77 Pa. Superior Ct. 469, 471 (1921).

In Commonwealth v. Beloff et al., 166 Pa. Superior Ct. 286, 289 (1950), the information charged that they "wilfully and unlawfully did assist in killing of a deer through the use of an artificial light" in violation of section 704 of the Game Law of June 3, 1937, P. L. 1225, 34 PS §1311-704, which provides in part that it is unlawful "to make use of, or take advantage of, any artificial light, battery, etc.", in hunting for or killing any wild animal. Having been found guilty as charged,

defendants appealed. The Superior Court said, on page 289:

"There is no merit in appellants' contentions that the information did not sufficiently charge a violation of the Act. The technical accuracy necessary to an indictment is not essential in an information. . . ."

"These questions [the one referred to above and another] might have been raised in the Common Pleas on certiorari which would have brought up every part of the record, including the complaint, but since the defendants elected to proceed by appeal they thereby waived all mere technical errors in the proceedings of the justice which did not go to the question of jurisdiction."

The above quotation seems to resolve both questions against defendant. Since we are deciding the question of the alleged defect of the information against defendant, which disposes of the case, we will not go into the question whether defendant, having waived a hearing, waived his right to question the defectiveness of the information.

Defendant relies particularly upon two lower court cases, viz: Commonwealth v. Smith, supra, and Commonwealth v. Fox, 52 D. & C. 618 (1944). Both of these cases can be distinguished merely by quoting from the latter on page 621:

"The complaint in the instant case fails to state that the defendant entered either the through highway or the intersection on the through highway, which is one of the essential elements of the offense. The offense is complete only by entering such intersection."

In both these cases the allegation that defendant entered the intersection is lacking; whereas, in the instant case, this is stated. The gravamen of the charge is the entering the intersection and not the failure to stop. If defendant did not enter the intersection, he is not guilty regardless whether he stopped or not. If he had

made a "U" turn without stopping and without entering the intersection, he would not be guilty.

The motion in arrest of judgment, accordingly, should be dismissed.

And now, March 28, 1951, defendant's motion in arrest of judgment is dismissed and defendant is directed to appear in Courtroom D of the Court House at Norristown, Montgomery County, Pa., at 10 a.m. on Friday, April 6, 1951, at which time and place the court will hear the matter.