## Commonwealth v. Arcara

*J. Stroud Weber*, district attorney, for Commonwealth.

*S. Thomas Bulfamonte*, for defendant.

CORSON, J., January 25, 1952.—Nellie C. Arcara was convicted on a hearing before a justice of the peace of Plymouth Township of having violated subsection (*b*) of section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, in that she did operate a motor vehicle at a speed of 70 miles per hour on a public road in that township. The information on which she was convicted further stated that the arresting officer had clocked her for one-half mile with a speedometer tested for accuracy within 30 days prior to the alleged violation.

No appeal was taken from this conviction. The proceedings were brought before this court on certiorari.

Counsel for defendant took two exceptions to the record of the proceedings before the justice of the peace:

1. That no testimony was presented by the Commonwealth at the hearing to show that the justice of the peace before whom this case was heard was the nearest available magistrate to the scene of the violation as required by The Vehicle Code, and thus there was no jurisdiction, and

2. That no testimony was presented by the Commonwealth at the hearings to show that the speedometer with which the arresting officer clocked the speed of defendant's car had been tested for accuracy within 30 days prior to the alleged violation.

At the argument counsel for defendant raised a further question of the sufficiency of the information in that the information did not designate the para-

graph of subsection (*b*). As to this latter contention, subsection (*e*) of section 1002, provides:

"In every information charging violation of this section, reference shall be made to this section, and subsection alleged to have been violated, specifying the speed .at which the defendant is alleged to have driven."

Under this provision it would appear that the information is sufficient where it shows the article and section of the article violated and also specifies the speed at which defendant is alleged to have driven. The alleged speed determines what part of the subsection has been violated. The technical accuracy of an indictment is not required in an information: Commonwealth v. Beloff et al., 166 Pa. Superior Ct. 286 (1950). See also Commonwealth v. Ginsberg et al., 143 Pa. Superior Ct. 317 (1940); Commonwealth v. Greene, 40 D. & C. 546. While the law does not require that an information be drawn with the nicety of an indictment, yet it is required that defendant be informed of the unlawful act with which he is charged: Commonwealth v. Stiver, 32 D. & C. 319 (1938). Certainly in the present case defendant could have no doubt as to the unlawful act charged.

Taking up the first exception of appellant, the question arises as to whether the burden is upon the Commonwealth to show that the presiding justice of the peace was the nearest available justice of the peace to the scene of the alleged violation. We have held that in cases where an information is brought before a justice of the peace in a different borough or township from that in which the offense is alleged to have occurred, then such information could not have been brought before a justice of the peace in the borough or township where the alleged offense occurred. However, no case seems to have gone so far as to make this

a requirement where the prosecution is brought before a justice of the peace in the township where the alleged offense occurred. See Commonwealth v. Williams, 56 D. & C. 549 (1946), Knight, J., and Commonwealth v. Paliescheskey, 17 D. & C. 125. In the latter case we recognize the presumption of regularity of the proceedings where the prosecution was brought before a justice of the peace in the same township as the alleged violation. In that case defendant accepted the burden of showing that such justice was not the nearest available justice, etc. In the present case no effort was made by defendant to show that the presiding justice of the peace was not the nearest available justice.

It is interesting to note that to hold otherwise might create a most ridiculous situation. Where a defendant is clocked for a period of one-half mile, the question would arise, where did the violation take place? One violation was complete after the car had been clocked for one-quarter mile and another violation was complete at the end of the next one-quarter mile. Should the distance be measured from the beginning of the violation which became complete at the end of the first one-quarter mile; should it be measured from the end of the first one-quarter mile, or at the end of the one-half mile stretch? To uphold exceptant's contention might place us in the ridiculous position to measure to the foot the distance to the "nearest available magistrate". This would, of course, involve the location of a magistrate. Would it mean that a magistrate who is available in his office at the time the violation occurred, or would it mean the exact location of the person of the magistrate at the time the police officer sought to lodge an information? In the end this would all arrive at a reductio ad absurdam. We feel that this exception is without merit.

The second exception calls attention to the fact that the transcript of the justice, setting forth in substance the testimony of the only witness for the Commonwealth, makes no reference to any testimony that would support a finding that defendant had been "clocked" by a speedometer that had been tested as required by the code, within 30 days prior to the violation. While in the Commonwealth's brief the district attorney says that such testing could only be proved by a certificate from an approved testing station, we cannot quite agree with that statement. Such testing may be proven by the person at the approved station who made such test, which, of course, would be the best evidence. However, for the sake of convenience the legislature provided that such testing could be shown also by a certification of such testing by the testing station. While a justice's court is not a court of record it is necessary to record the substance of the testimony in summary conviction cases even though such procedure is not necessary in civil cases: Commonwealth v. Nesbit, 34 Pa. 398, 403; Commonwealth v. Borden, 61 Pa. 272; Commonwealth v. Leitzel, 40 D. & C. 410. Since the only witness was a State policeman, and no proof was offered of the speedometer having been tested within the required period, either by testimony from the person making such test or by offering a certificate from him, the conviction is not self-sustaining on the record and this exception must be sustained.

And now, January 25, 1952, for the reasons given, defendant's second exception is sustained; the conviction is set aside; the fine and costs, if paid by defendant, are directed to be returned; and the costs are directed to be paid by the County of Montgomery since we feel that the prosecution was brought in absolute good faith.