Malone Petition.

Argued September 27, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY RHODES, P. J., January 14, 1955:

This appeal questions the jurisdiction of the Court of Quarter Sessions of Allegheny County to try title

to money upon petition of one claiming ownership where the money sought to be recovered has been paid over to the County Treasurer of Allegheny County and placed in the general fund, under a prior order of forfeiture entered by the Court of Quarter Sessions upon the petition of the District Attorney of Allegheny County.

On February 1, 1954, Joseph Verbanic filed a petition in the Court of Quarter Sessions of Allegheny County for a rule to show cause why the order of confiscation of a fund in the amount of $3,211.23, seized as part of gambling operations, should not be set aside as to the petitioner. The Court of Quarter Sessions on May 5, 1953, upon petition of the district attorney, had authorized and directed payment of said sum to the Treasurer of Allegheny County.

Verbanic's petition set forth: ". . . that some time after May 5, 1953, and in pursuance of the Order of this Court [the court of quarter sessions], the money, as set forth in the Petition, was turned over to the general fund of the County Treasurer"; that $362.02 of the fund belonged to the petitioner and was not contraband; and that the petitioner received no notice of the district attorney's petition seeking confiscation. Pursuant to the Verbanic petition, the Court of Quarter Sessions of Allegheny County granted a rule upon the District Attorney of Allegheny County to show cause why the order of said court of May 5, 1953, directing the district attorney to pay to the county treasurer the sum of $362.02, the alleged property of the petitioner, should not be vacated.

The district attorney filed preliminary objections to the petition, alleging that the order for payment of the confiscated funds had been fully performed and complied with; that any question relating to the propriety of the order was moot; that, on its face, the

Verbanic petition disclosed that the Court of Quarter Sessions was without jurisdiction to vacate its previous order; and that the petitioner possessed an adequate remedy at law to try title to the money alleged to have been owned by him when paid into the county treasury pursuant to the court's order. The Court of Quarter Sessions entered an order overruling the Commonwealth's preliminary objections and directed the Commonwealth to file an answer. From this order the Commonwealth has taken the present appeal to this Court.

The contention of the Commonwealth must be sustained, and the order of the court below reversed.

The exact question raised by the present appeal has been decided in *Schuettler v. Maurer*, 159 Pa. Superior Ct. 110, 46 A. 2d 586, where it was held that, after the money had been paid over to the county treasurer, the court of quarter sessions was without authority to take jurisdiction and pass upon claims of ownership to the fund. What we said in the *Schuettler* case, supra, in an opinion written by Judge HIRT, is applicable to the present proceeding, and there is no need to repeat what we there said. The present claimant's petition set forth that the money, though seized as part of a gambling transaction and forfeited under the district attorney's petition, had been paid over to the county treasurer and placed in the general fund.

The order of the court below is reversed without prejudice.