## Commonwealth v. Porter

*P. Vincent Marino*, for Commonwealth.

*Vincent R. Massock*, for defendant.

WEINER, J., November 12, 1958.—This case comes before the court at this time on a motion of defendant to quash the information filed at the above number and term. The basis of the motion to quash the information

is that the offense charged therein is the same crime charged against this same defendant in the proceedings at no. 157, August sessions, 1957, Q. S., to which defendant entered his plea and was sentenced.

An examination of the record at no. 157, August sessions, 1957, Q. S., discloses that this defendant was there charged with the crime of appropriating and converting the sum of $17,000 belonging to the City of Washington, Washington County, on May 20, 1957. The present information charged the appropriation and conversion of the sum of $2,617.14 belonging to the City of Washington; the information containing no date on which the said appropriation and conversion took place. While this second information was made January 27, 1958, the court may take judicial notice of the fact that this defendant was removed as an employe of the City of Washington on May 20, 1957, so that it necessarily follows that the crime charged must have occurred on or prior thereto.

It is significant to note that in the proceeding at no. 157, August sessions, 1957, Q. S., the information charges the receipt of the money by defendant as city clerk, charged with the collection of the earned income tax. The information in the instant proceeding merely described defendant as being an employe of the City of Washington. Both informations are based on section 822 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4822. This section reads as follows:

"Whoever, being an officer, employe or agent of this Commonwealth, or political subdivision thereof, charged with the collection, safekeeping, transfer or disbursement of public money, converts to his own use, in any way whatsoever, or uses by way of investment, in any kind of property or merchandise, any portion of the public money intrusted to him for collection, safekeeping, transfer or disbursement, or proves a de-

faulter, or fails to pay over the same when thereunto legally required by the person authorized to demand and receive the same, or aids or abets or is an accessory to any such act, is guilty of embezzlement. . . ."

In essence the crime charged under this section of The Penal Code is the unlawful conversion of public moneys received by an officer, employe or agent of any political subdivision. The reference to defendant being an income tax collector in the proceeding at no. 157, August sessions, 1957, Q. S., can be considered as so much surplusage. The law is concerned only with the net result, to wit, that defendant did receive and convert to his own use public moneys received as an officer, employe or agent of the political subdivision involved. The information under consideration charges the same offense.

It is admitted by the district attorney that the true test to be applied is whether defendant could have been convicted in the first proceeding for the offense charged in the second prosecution: Commonwealth v. Comber, 374 Pa. 570. If so, the plea of autrefois convict lies and the second prosecution must then be quashed.

The district attorney further admits that both prosecutions deal with the alleged conversion by defendant to his own use, of public funds belonging to the City of Washington and received by him as an officer, employe or agent of the city. It is the contention of the district attorney that since the amount mentioned in the present proceedings is different from the amount mentioned in the proceeding at no. 157, August sessions, 1957, Q. S., defendant could not have been convicted of the second offense under the evidence applicable to the first case. With this contention the court cannot agree. It is not the amount involved that is the essence of the crime, it is the conversion by an officer, employe or agent of a political subdivision of

the moneys coming into his hands as such and belonging to the political subdivision for whom he was acting in his receipt of these moneys. Whether the amount involved is one dollar or thousands of dollars goes only to the enormity of the crime as affecting the sentence, but otherwise has no relation to the proof necessary to convict defendant of the crime charged.

It is not disputed that the moneys allegedly received by this defendant in both prosecutions was as an officer, employe or agent of the City of Washington and that the same came into his hands as such, prior to May 20, 1957, when he ceased to act as such officer, employe or agent. And where, as here, the moneys allegedly involved must necessarily have come into his hands in the second proceeding during the same period covered by the first proceeding, it follows that this defendant could have been convicted in the first trial of the offense charged in this second prosecution under discussion. Under the many cases that have come before our appellate courts, which this court is constrained to follow, the plea of autrefois convict is clearly applicable and therefore the motion to quash this information must be granted, however reluctant the court might be to grant the same: Commonwealth v. Moon, 151 Pa. Superior Ct. 555.

If it be true that additional defalcations on the part of this defendant developed from an audit made after the first prosecution was brought, then the fault lies either with haste in which the first prosecution was brought or in the failure to complete an audit of all the transactions involving this defendant as an officer, employe or agent of the City of Washington, before the first prosecution was brought. Stripped of the legal verbiage that must be considered as mere surplusage, both charges accuse defendant of the same offense, to wit, of appropriating to his own use, moneys of the

City of Washington that came into his hands as an officer, employe or agent of the city, on or before May 20, 1957. The amount or amounts are immaterial, it is the unlawful appropriation, not the amount thereof, that is the gist of the crime.

A conviction or an acquittal will operate as a bar to a subsequent prosecution for a similar offense committed at any time prior to the filing of the information. While embezzlement may be a continuing offense where it occurs over a given period of time, it is but a single crime. Therefore a prosecution is and should be a bar to a subsequent prosecution when the same offense is charged, as in this proceeding, to have been committed at some time previous to the institution of the first prosecution.

This is not a case in which defendant is attacking the technical sufficiency or accuracy of an information. The court is familiar with the rule that technical accuracy necessary to an indictment is not essential in an information (Commonwealth v. Beloff, 166 Pa. Superior Ct. 286), and that an information is sufficient if the elements of the offense are set forth in the terms of common parlance: Commonwealth v. DeBaldo, 169 Pa. Superior Ct. 363. The information in this proceeding is attacked for the only reason that it charges defendant with an offense for which he has already been convicted in proceedings in this court at no. 157, August sessions, 1957, Q. S., in that both proceedings charged the appropriation and conversion by defendant of moneys belonging to the City of Washington and received by him as an officer, employe or agent of the city prior to the date of his official separation from the city on May 20, 1957. While the court may be reluctant to grant the motion of defendant, it has no choice but to recognize the rules of law applicable to this situation, and therefore is compelled to enter the following

*Order*

And now, November 12, 1958, it is ordered, adjudged and decreed that the information filed at the above number and term be quashed and that the proceedings be dismissed. Costs to be paid by the county.